2 U.S. 300 (____)
2 Dall. 300
LIVINGSTON et al.
versus
SWANWICK.
Supreme Court of United States.

Lewis, Rawle, Randolph & Dallas for the plaintiffs. E. Tilghman, Ingersoll, Wilcocks and Serjeant for the defendant.[*]
But, BY THE COURT:  The witness is competent to prove every part of the transaction. He is not interested in the event of the suit; nor can the verdict, in this case, be given in evidence, upon the trial of the action for his commissions. Anderson was a known, established, Broker; and unless he was admitted to give evidence of the instructions he received (which were oral in this case, and are usually so, in similar cases) it would be impracticable to ascertain the facts, that are essential to enable the Court to decide upon the merits of the controversy.
The witness was, thereupon, admitted.
II. To the action and declaration (which contained five Counts) the following exceptions were taken, in the course of the defence.
*301 1st. That the action is brought in the names of Brockholst and J.R. Livingston, whereas the contract in writing is made with J.R. Livingston only.
2d. That the first Count states an agreement by Swanwick to transfer Stock at a certain day: But the evidence is only of an agreement to deliver an engagement for that purpose.
3d. That the second and fourth Counts state an agreement by Swanwick, to deliver an engagement to transfer Stock to J.R. Livingston, or order: But the evidence does not prove that he engaged to transfer Stock to the plaintiff's order.
4th. That the third Count states a contract being made by Anderson, as the authorised agent of Swanwick, that Swanwick should transfer Stock to the plaintiff: But the evidence only shews a contract by Anderson, that there should be delivered to the plaintiff an engagement of Swanwick to transfer the Stock.
5th. That the fifth Count states the plaintiff's attendance at the place of transfer; but there is no proof of the fact.
But the exceptions were considered and over-ruled, in the charge to the Jury, of which, in that respect, the following is the substance.
BY THE COURT. The objection to the form of the action ought not to prevail. The contract is proved by the testimony of Anderson; and the written paper is merely corroborative. At the time, then, of forming the contract, it was perfectly understood by the parties transacting the business, that Brockholst and J.R. Livingston were jointly concerned; and, if the action had not been instituted in their joint names, it might have been pleaded in abatement.
Nor is the objection to the variance between the declaration and the written contract, on account of the words "or order," being stated in the former, though not contained in the latter, material in point of law. It was unnecessary to set forth the written contract at all in the declaration; and it is only now offered as additional evidence to prove the parol bargain between the parties. In the case of a Bond, Bill of Exchange, or Promissory Note, there would be more weight in the objection; because they are, exclusively, the evidence of the respective contracts to which they give existence, character, and operation; but the written paper, in the present instance, is of no more force, than any other testimony of its contents would be. The words in the declaration must, therefore, be considered as surplusage, and do not affect the material parts of the charge.
As to the other variances between the contract as laid, and the written contract produced, the same principles will apply. And the non-attendance of the plaintiffs at the place of transfer, *302 is sufficiently excused by the waiver, which has been proved on the part of the defendant.
Verdict, for the Plaintiffs, for 19,400 dollars.
NOTES
[*] The defendant's counsel tendered a bill of Exceptions to the admission of Anderson's testimony; and, also, to the opinion of the Court on the points stated in the charge. A Writ of Error was, accordingly, brought; but never prosecuted.