The opinion of the court (Tilghman, C. J. being absent,) was delivered by
Duncan, J.
John Darragh, the agent, was a competent witness to prove his own authority to let for one year, notwithstanding some loose dicta to the contrary at Nisi Prius. It is the constant practice to admit agents to be witnesses for their principals, in order tp prove contracts made by them, on the part of the principal, and every person is an agent, within the meaning of the rule, who makes a contract for another. 1 Phill. Evid. 99. 2 Dall. 300. Nor can it make any difference, that it is a contract respecting Jand. It is not here a sale of land, but a lease, which is good, though by parol, by the very letter of the statute of frauds, for three years: but our statute does not make the agreement void: it restricts the operation as to the acquisition of an interest in the land. No title in fee simple can be derived under it, and that was *253 the principle of the decision in Nicholson’s Lessee v. Mifflin. But an jction will lie to recover damages for the non-performance, and parol evidence will be admitted of such agreements, 4 Dall. 152, and that although the agreement was only with an attorney who had but a parol authority. 1 Binn. 450. In the case of Wood’s Lessee v. Galbraith, and Turnbull’s Lessee v. Vance, Gen. Armstrong was admitted as a witness to prove by parol his general agency for the late proprietaries.
This is an action to recover damages on the parol agreement, which may be proved by parol, and the agency proved by parol, and the agent admitted to prove it. It .is a good agreement, and binding on the parties, and passes the interest.
The second error assigned rests on the position, that in an action for the use and occupation, the occupation by the defendant must be proved.
At first, my impression was, that this ought to.be proved, but on further reflection and examination, I am convinced, it is not necessary in every case, and if not indispensable in every case, it ought to be dispensed with in this case. For this was under very special circumstances: the plaintiff in error undertook to obtain the possession from the tenant, and said he had arranged it with the tenant. The possession of the tenant was, in contemplation of law, the possession of the plaintiff in error, from the 1st of April to the 1st of May, because the plaintiff in. error had agreed to pay the rent from the 1st of April, and agreed with the tenant that he should retain the possession until the 1st of May. The landlord had given no notice to quit, but the plaintiff in error and the tenant agreed, that the tenant should continue in possession after the expiration of the lease.
M‘Gunnagle had no locuspenilentisej but if he had, it was toe late to repent three months after the commencement of his lease, and by his own act in not communicating his change of mind to his landlord, he deprived him of any other tenant, and of rent for that year. It is certain, that the plaintiff in error might have occupied the house, that he was not prevented by the landlord, that he deprived the owner of the use and occupation, that the tenant by his agreement with the plaintiff in error, became entitled to hold the premises at least for one year after the expiration of his lease, and thus, in contemplation of law, entered on the possession under M‘Gunnagle, and a.s his sub-tenant: for if it be so, that occupation is necessary for the whole time, the tenant by stepping out a few days before the expiration of the term, would not be liable in this form of action. There ean be no apportionment. If the defendant below had pleaded this matter specially, it would have been no answer to the declaration. The plaintiff declared upon an agreement made by the defendant to pay .the rent during the continuance of the tenancy: he has broken this agreement. His not occupying was his own fault. There is little to be found in our own decisions *254 on the action for use and occupation. It has lately been frequently used, and is a very convenient action, and on principle, without reference to any authorities, my opinion is, that the landlord was entitled to recover, under the special circumstances of this case.
Judgment affirmed.