[PHILADELPHIA, DECEMBER 31, 1836.]

## GRANT and Another *against* GILL.

### IN ERROR.

1. In assumpsit for use and occupation, it is not necessary to render the defendant liable, that he should actually have held possession for the whole time laid in the declaration, if he became tenant by contract and retained the control and command of the property under such contract.
2. The plaintiff by a parol agreement, let to A. a certain warehouse for a year, commencing on the 1st of January, 1830, at a certain rent payable quarterly ; A. continued more than two years in possession, and then made an assignment of all his estate and effects to the defendants, for the benefit of his creditors. The defendants paid rent to the plaintiff to the 1st of July, 1832. On the 3d of July, having closed the business previously, they tendered the key to the plaintiff : *Held,* that they were liable in assumpsit for use and occupation for the quarter ending on the 1st of October, 1832 ; and that their liability was personal and not representative : but naming them as assignees in the suit was not error.

THIS was a writ of error to the District Court for the City and County of Philadelphia, to remove the record of an action on the case brought by John Gill, jr., against Samuel Grant and Dexter Stone, assignees of Joseph and William Seaver.

The plaintiff declared in *assumpsit* for the use and occupation of a certain warehouse in the city of Philadelphia, for one quarter, viz : from the first day of July to the first day of October, 1832.

On the trial before PETTIT, President, it appeared that sometime about the 1st of January, 1830, Joseph and William Seaver made a parol agreement with the plaintiff, for the occupation of the premises for one year from that date, at the rent of $850 per annum, payable quarterly, under which they went into possession. On the 16th of March, 1832, they made a general assignment of all their estate and effects to Samuel Grant and Dexter Stone, upon the usual trusts, for the sale of the assigned property, and the distribution of the proceeds among their creditors. The assignees took possession of the premises and of the goods of the assignors, who remained in charge of the same as their agents, and were employed as such in winding up the business. The rent due to the 1st of July, was paid to the plaintiff, who gave a receipt to the defendants as " assignees of J. and W. Seaver." On the 30th of June, the assignees closed the store, and on the 3d of July, sent the key to the

(Grant v. Gill.)

plaintiff, who however, declined receiving it. The premises remained unoccupied during the remainder of the quarter.

The Judge charged the jury to the following effect:

"The facts are not in dispute. The claim is for use and occupation of a store in Market street, for one quarter from 1st of July to 1st of Oct. 1832. In March, 1832, the lessees made an assignment to Messrs. Grant and Stone, for the benefit of creditors. Grant and Stone took possession of the store, and paid to the plaintiff the rent for the quarter ending 30th of June, 1832; the plaintiff giving and they taking a receipt as assignees of J. and W. Seaver. The relation of landlord and tenant thus became established between the plaintiff and defendants. It appears that no effort was made to give up the possession 'till July 3d, 1832, when a new quarter had commenced. The key was then sent to plaintiff, but he refused to receive it; and it was not received, or used by plaintiff until the expiration of the quarter, when he made a demand of the rent from the defendants. It is said on part of the defendants, that because the assignees employed the Messrs. Seavers in winding up the business, the occupancy must be considered as that of the Messrs. Seavers, and not as that of the defendants. The law is not so. The parties might perhaps have managed the matter so as to avoid personal liability on the part of the defendants; but they have not so managed it. Again it is said, that as the assignment was a voluntary one, and no provision was made to pay the rent, the assignees were not bound to pay longer than the assigned effects remained in the store. The answer to this suggestion is, that the plaintiff has nothing to do with the terms of the assignment. The relation of landlord and tenant, having been established, and mutually recognised as appears by the payment and receipt of rent, the plaintiff and defendants were mutually bound by it; and the claim being only for the quarter actually entered upon by the defendants, and the premises never during that period having been used by the plaintiff, the defendants were liable for the rent."

The jury having found for the plaintiff, the defendants removed the cause to this Court, and assigned the following errors:

"1. The learned Judge erred in not stating that as the declaration was for use and occupation by the defendants below, from the first of July to the first of October, 1832; and the evidence of the plaintiff proved there was no such occupation, therefore the plaintiff could not recover.

2. The Judge erred in not stating that as the assignment was a voluntary one, and no provision made to pay the rent, the

assignees (the defendants below,) were not bound to pay longer than the assigned effects remained in the store.

3. The Judge erred in stating that the fact of the payment of one quarter's rent by the defendants to the plaintiff, established the relations of landlord and tenant.

4. The Judge erred in stating that the payment of rent by the assignees made them personally liable to the plaintiffs below."

Mr. *Arundel,* for the plaintiffs in error, cited *Morris* v. *Parker,* (1 *Ashmead,* 187.)   *Rush* v. *Good,* (14 *Serg. & Rawle,* 231.)   *Gray* v. *Bell,* (4 *Watts,* 410.) *Peck* v. *Randall,* (1 *Johns. Rep.* 165.) *Bancroft* v. *Waddell,* (13 *Johns.* 489.)   *Pratt* v. *Levan,* (1 *Miles,* 358.)

Mr. *Oswald Thompson* for the defendant in error, referred to *Lesley* v. *Randolph,* (4 *Rawle,* 123.)   *Comyn's Landlord & Tenant,* 207. *Fahnestock* v. *Faustenauer,* (5 *Serg. & Rawle,* 178.)   *Logan* v. *Herring,* (8 *Serg. & Rawle,* 461.) *Auriol* v. *Mills,* (4 *Term Rep.* 98.) *Clark* v. *Hume,* (1 *Barn. & Ald.* 304.)   *Wickersham* v. *Nicholson,* (14 *Serg. & Rawle,* 118.)

The opinion of the Court was delivered by

SERGEANT, J.—The first error assigned is, that the court below did not state that as the declaration was for use and occupation by the defendants below, from the 1st of July to the 1st of Oct. 1832, and the evidence of the plaintiff proved that there was no such occupation, therefore the plaintiff could not recover.   In this point the defendants take it for granted that there was no occupation by them of the premises during the quarter in dispute.   But it is not necessary in order to render the defendants liable in assumpsit for use and occupation, that they should actually hold the possession for the whole time.   If they have by their contracts and acts become the plaintiff's tenants, and retained the control and command of the property under that contract, they are liable in this suit.   In point of law they have used and occupied the property.   In *M'Gunnagle* v. *Thompson,* (10 *Serg. & Rawle,* 251,) the defendant agreed to rent a house, from the 1st of April for one year, there being then in it a tenant till the 1st of May, with whom the defendant arranged for his leaving it on the 1st of May.   The defendant never took possession at all, yet he was held liable in assumpsit for use and occupation.   Mr. Justice DUNCAN says, it is not necessary in every case to prove the occupation by the defendant for the time claimed.   He might have occupied it; he was not prevented by the landlord; he did by the tenant occupy it till the 1st of May, and thereby entered on the possession in contemplation of law.   His not occupying was his own fault; if occupation were necessary for the whole time, the tenant by stepping out a few days before the expiration of the term, would not be

(Grant *v.* Gill.)

liable. So in the present case, Joseph and William Seaver rented of the plaintiff on the 1st of Jan. 1830, for one year, at $850, payable quarterly. They took possession under the lease, and continued to hold during 1830, 1831, and part of 1832, by which they entered upon a third year, commencing the 1st of January, 1832. On the 17th of March, they made an assignment to the defendants, in trust for them and other creditors, (giving the defendants a preference,) of " all their effects of whatsoever nature or kind, and wheresoever being," which words carried the lease. The defendants accepted the assignment and paid the rent of the quarter ending 1st of June, 1832. This showed an occupation by them under the assignment, and made them tenants for the year. The defendants could not afterwards terminate the lease when they pleased; it could not be apportioned at their will. They took the place of the Seavers, and had the control and disposition of their interest, and might have occupied longer if they chose. They could not annul the contract for the running year at any time that suited them; they were bound till the end of the year if the plaintiff insisted on it; and in legal contemplation, they used and occupied the premises from the 1st of July to the 1st of October, even though they did not choose to keep possession all the time.

The second error is, that the Judge did not state, that as the assignment was a voluntary one, and no provision made to pay the rent, the assignees (the defendants below,) are not bound any longer than the assigned effects remained in the store. The liability of the defendants arises from their becoming the tenants of the premises, and is founded on privity of contract. It is immaterial whether they chose to keep the assigned effects in the store or not. The claim of the plaintiff is not as a creditor under the assignment, and does not depend on its terms. Whether the defendants could charge the rent against the assigned estate, is a matter between them and the creditors. If it constituted a part of the necessary expenses of executing the trust, then it is provided for in the assignment.

The third error is in stating that the fact of payment of one quarter's rent by the defendants to the plaintiff, established the relation of landlord and tenant.

The whole charge of the court on this point must be taken together, and it is in substance that the defendants became assignees, and as such, paid one quarter's rent. These two facts taken together, show, in the absence of any evidence to the contrary, that they did become tenants; if they did not, there was no tenant at all, for the Seavers had transferred all their right in the lease by the general words of the assignment, to the defendants, and could not prevent the defendants from claiming the right to the lease and possession if they chose to do so. Their payment of rent as assignees, amounts to an admission that they did take possession, and that they were the tenants, and the Seavers no longer so. The evidence was in

writing; uncontroverted, and it was the duty of the court to decide upon its effect.

The fourth error is in stating that the payment of rent by the assignees, made them personally liable to the plaintiffs.

These assignees stand on the same footing as other assignees, by deed or act of the party, as contradistinguished from assignees in law, such as assignees under bankrupt or insolvent laws.    They are not sued to reach a fund held by them, but as persons who, for their convenience or accommodation in the management of their trusts, have chosen to take the place of the former tenants; they are personally responsible as such tenants, and not in any representative capacity.

Judgment affirmed.