## DOWNER v. BUTTON.

Where a mortgage is given to secure the payment of a promissory note, and the note is indorsed to a third person, who commences a suit thereon, the presumption is that the mortgage follows the note; and notice to the holder of the note to produce the mortgage upon the trial, and a non-production of the same, entitles the defendant to introduce secondary evidence of the contents of the mortgage.

The admission of an independent fact during a negotiation for a compromise may be given in evidence, but all offers to settle or compromise a suit are inadmissible.

Where the authority of an agent is given by parol, he is a competent witness to prove the authority. In such cases he is, from the necessity of the case, a competent witness to show that he acted according to the directions of his principal, and within the scope of his authority.

ASSUMPSIT, against the defendant as signer of seven promissory notes. Two of the notes were confessed; and there were in dispute three, dated October 7th, 1841, for $100 each, payable to John Francis or order, in two, three, and four years from date; and two others, dated January 20th, 1842, for $75 each, payable to the plaintiff or order, in two and three years from date, with interest.

The defence set up was, that on the fourth day of April, 1844, by an agreement between the plaintiff and Levi Lowell, who acted in behalf of the defendant, and by his request, the plaintiff accepted a deed of certain real estate in full payment and discharge of the notes in controversy in this suit.

The hundred dollar notes, when produced, had been indorsed by the executor of John Francis; and the defendant introduced in his defence the following evidence :—

1. An office copy of a mortgage of certain real estate, dated October 7th, 1841, purporting to have been duly executed by the defendant to said John Francis, to secure the payment of the hundred dollar notes.

2. A mortgage given by the defendant to the plaintiff, to secure the seventy-five dollar notes, dated June 20th, 1842,

and conveying the same premises mortgaged to John Francis.

3.   A warrantee deed of the same premises, except forty acres, from the defendant to Amos H. Lowell, dated October 11th, 1842, and a mortgage back by Lowell to Button of the same land conveyed by the warrantee deed, to secure one note of $300, and eight notes of $50 each, bearing the same date with the deed and mortgage, and signed by Amos H. Lowell.

4.   An assignment of the last mentioned mortgage to the plaintiff by the defendant, dated March 27th, 1843.

5.   A deed from Amos H. Lowell to Levi Lowell, conveying all his interest in the premises, dated July 26th, 1843.

6.   A deed from Levi Lowell to the plaintiff, dated on the 4th day of April, 1844, quitclaiming the same premises conveyed by Amos H. Lowell to Levi Lowell.

The defendant also introduced the deposition of Levi Lowell, a part of which was as follows: Questions by the defendant.

1.   Are you the father-in-law of Alva Button?

Answer.   I am.

2.   Where did you live in 1835, and where in 1843?

Answer.   In 1835 I lived in Rochester, Vt., and in 1843, and 1844, I lived in Hancock, Vt.

3.   Did you purchase the Button place, so called, in Hancock?   If so, of whom, and what did you pay for it?

Answer.   I did purchase the Button place, so called, of Amos H. Lowell.   I agreed to pay $800.

4.   To whom did you sell it, and what was the consideration paid or agreed to be paid for it?

Answer.   I sold it to Solomon Downer, in April, 1844, if my memory is correct.   The consideration was, on my giving him a quitclaim deed, he was to give up all the claims he had against the farm, both notes and mortgages, and to get up all the notes and mortgages against the farm and give up the same to Alvah Button and Amos H. Lowell.

There was one mortgage on said farm for the security of about four hundred dollars, given to John Francis by Alva Button, which he, Downer, was to get up and give up to said Button; and he further agreed to let me have the use of the lower mowing on said farm, and the pasturing of a cow the following season.

11. State if you did go and see, as directed, Alva Button, respecting also his notes, then held by Downer, secured on the place, and whether he gave you any directions respecting the settlement of the notes; if so, what it was?

The plaintiff objected to the whole of the question after the word " place."

Answer. I did go and see Alva Button, and he gave me directions to get up all demands against the place, or not give a quitclaim deed of it.

In regard to the objection taken to the last question and answer, the court ruled that it tended to show that Levi Lowell, in making the arrangement with the plaintiff, if any was made, acted under the defendant's instructions and in his behalf, and that it was competent for that purpose, though not for any other.

The plaintiff also objected to the use of the copy of the mortgage to John Francis, and insisted that the original should be produced. The defendant's counsel said that at the former trial the copy was used without objection, and that the objection at this trial was a surprise upon him; that he distinctly recollected the fact that it was used, and would make his affidavit of it if required. The plaintiff's counsel said that he had no recollection that the copy was used, but did not require the affidavit to confirm the statement of the other side. The defendant's counsel then gave to the plaintiff, who was in court, a written notice to produce the mortgage; and thereupon his counsel stated that it was not in possession of the plaintiff or his counsel, and he did not know where it was, but supposed that the defendant might have it. The defendant made an affidavit

that he gave the mortgage to John Francis, at the time it was executed, and had never seen it since, and did not know what had become of it. The court admitted the copy, subject to the plaintiff's exception.

John L. Fitch, called by the plaintiff, testified that a short time after the commencement of this suit, the defendant offered to pay a certain sum to settle the claim, and said he was too poor to pay more ; he assigned no other reason for not offering a larger sum ; but the plaintiff refused to accept the offer. The plaintiff's counsel proposed to ask the witness to state the sum which the defendant offered, to which the defendant's counsel objected ; and the court ruled that the question could not be put; and the plaintiff excepted to the ruling. The jury found a verdict for the defendant, and the plaintiff moved to set the same aside for alleged error in the rulings of the court.

*Morrison & Fitch,* for the plaintiff.

The copy of the mortgage, Button to Francis, was improperly admitted. The admission of an office copy of a deed, in any case, is a departure from the ordinary rules of evidence. The copy in this case was not introduced for the purpose of showing a claim of title. The title of land was not in question. The defendant did not bring himself within any rule of law under which such copy was admissible. *Southerin* v. *Mendum,* 5 N. H. Rep. 420 ; *Pollard* v. *Melvin,* 10 N. H. Rep. 555 ; *Loomis* v. *Bedell,* 11 N. H. Rep. 74.

The evidence offered to prove an offer of a sum of money was competent as an admission under the circumstances disclosed in the case. The offer was accompanied with no caution that it was made by the way of compromise, but tacitly admitted the whole claim. There was no disagreement as to the amount due. The only reason assigned for not paying the whole was want of means. The evidence comes within the rule in such cases. 2 Starkie on Ev. 27 ; 1 Greenl. on Ev. 192, and authorities there cited.

The answer to the eleventh interrogatory in Lowell's deposition is in substance and effect a mere declaration of Button, and as such, it was not admissible.

*G. M. Flanders,* for the defendant.

The copy of the mortgage from Button to Francis was properly admitted. It was admitted without objection on the first trial of the action, and the exception is taken for the first time on the review. Was not the review to be tried on the original papers?

We say, as the case finds, Downer was bound to take up the Francis mortgage and notes, and give them up to Button. The notes are found in Downer's hands. The mortgage is incident to the notes, and the presumption is that the mortgage is in the hands of Downer. We gave notice to Downer to produce the original paper, and the original not being produced, we had a right to use a copy.

The offer of a sum of money by a party, to purchase his peace, cannot be offered in evidence on a trial of the issue. 4 N. H. Rep. 501 ; 1 Greenl. on Ev. § 192.

The answer to the eleventh interrogatory was a part of the *res gestae*, and was properly admitted. Lowell was the authorised agent of Button to settle these matters with Downer.

EASTMAN, J. The copy of the mortgage from Button to Francis was properly admitted. It was the common case of the use of secondary evidence, after laying the necessary foundation for its introduction. If the original was not in the possession of the defendant, nor under his control, so as to be brought into court by legal process, he had a right to the use of a copy, duly shown to be such.

The mortgage was given by the defendant to Francis, to secure the payment of certain notes; and so long as Francis or his executor held the notes, the legal custody of the mortgage would be in Francis or the executor. But the

notes were transferred by indorsement to the plaintiff; and ordinarily the possession of the mortgage would follow this transfer. It might not necessarily, but the presumption would be that it did. The indorsement and transfer of the notes carried with them an assignment of the mortgage—the mortgage being a mere incident of the debt—and the legal custody of the mortgage would be in the plaintiff. *Southerin* v. *Mendum*, 5 N. H. Rep. 420; *Ellison* v. *Daniel*, 11 N. H. Rep. 274; *Smith* v. *Smith*, 15 N. H. Rep. 55.

It was essential that notice should be given to produce the mortgage; but no time is fixed by law at which such notices shall be given. They must afford sufficient opportunity to enable the party on whom they are served to produce the paper or record called for, if he pleases. Where the document is in court at the time of the trial, a notice to produce it immediately is sufficient to render secondary evidence of its contents admissible, if it be not produced. *Droyer* v. *Collins*, 12 Eng. Law and Equity Rep. 532. The court, in its discretion, would undoubtedly give the party time to produce the document after service of notice, if it should be necessary.

But no exception was taken that notice was not seasonably given; and the defendant having given the plaintiff notice to produce the mortgage, in whom presumptively the possession was, and having purged himself of its possession, as he might well do, ( *Woods* v. *Gassett*, 11 N. H. Rep. 442,) thereby laid the proper foundation for the admission of secondary evidence, and the exception that the original should have been produced cannot prevail.

Another question raised by the case is in regard to the ruling upon the admissibility of the testimony of Fitch. This witness was introduced by the plaintiff, and was permitted without objection, to state a portion of a conversation which he had with the defendant in relation to a settlement of the claim after the suit was brought. The plaintiff's counsel then proposed to pursue the inquiry farther, and

to ask him the sum which the defendant offered to pay to settle the matter. · This was objected to, and ruled out by the court; and we think rightly so. The whole testimony of Fitch related to a compromise; an offer of a certain sum by the defendant to settle the claim; and it was all inadmissible. The fact that he said he was too poor to pay more, does not change the character of the transaction as an attempt at compromise.

The admission of an independent fact during a negotiation for a compromise may be given in evidence, but a mere offer to compromise is inadmissible. *Hamblett* v. *Hamblett,* · 6 N. H. Rep. 333; *Sanborn* v. *Neilson,* 4 N. H. Rep. 501; *Marsh* v. *Gold,* 2 Pick. 290; *Gerrish* v. *Sweetser,* 4 Pick. 374; *Gregory* v. *Howan,* 3 Esp. 113; *Wayman* v. *Hilliard,* 7 Bing. 101; *Corey* v. *Bretton,* 6 Carr. & Payne 462; *Healey* v. *Thatcher,* 8 Carr. & Payne 388.

The last question is not so clear, but, we think, upon the whole, that the evidence was competent. The witness was acting as the agent of the defendant, in effecting a settlement of the matters between the parties. The directions disclosed in the eleventh question and answer were given by the defendant, and acted upon by the witness in bringing about the settlement, as the answer to the fourth interrogatory shows. He states that he gave a quitclaim deed of the premises to the plaintiff, and the deed was produced in evidence on the trial. He states, also, that the defendant was to give up all the claims he had against the farm, and was to get up all the notes and mortgages against the farm. The seventy-five dollar notes were given directly to the plaintiff, and all the notes in suit existed long before this transaction, which was in April, 1844. The directions, then, to the witness, in regard to the notes, were but a part of the transaction in effecting the settlement, while the witness was acting as the agent in bringing about that result. They were the authority upon which he acted in regard to

the notes, and the evidence was competent as showing the authority.

From the necessity of the case, an agent is permitted to testify to many matters which, upon general principles, he would be prohibited from stating. ' This he may do so long as his evidence relates to matters within the scope of his authority. 1 Phill. Ev. 99, 100; 1 Greenl. Ev. § 416. He is also a competent witness to prove that he acted according to the directions of his principal, and within the scope of his authority, when that authority is given by parol. 1 Greenl. Ev. §§ 416, 417; *Lowber* v. *Shaw*, 5 Mason 242; *Mc-Gunnagle* v. *Thornton*, 10 Serg. & Rawle 251.

In the last case cited, the plaintiff offered the witness to prove that he was verbally authorized by the plaintiff to lease a house in question, from year to year, and did, in pursuance of the authority, let it to the defendant for the term of one year; and the court say the witness was competent to prove his own authority to let for one year, notwithstanding some loose *dicta* to the contrary at *nisi prius*.

The exceptions must be overruled, and there must be

*Judgment on the verdict.*