FRANK E. BALDWIN, administrator, *vs.* CONNECTICUT MUTUAL LIFE INSURANCE COMPANY.

Suffolk.   November 13, 1902. — January 6, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Insurance, Life.   Agency.   Words,* "General agent."

An oral contract of life insurance made by one who is not a resident of this Commonwealth, undertaking to act as the agent of a foreign insurance company, is illegal, and cannot be enforced.

The acts and declarations of an agent are not competent evidence of his authority.

*Semble,* that there is no inference that a general agent of a life insurance company for a particular territory has authority to represent the company in other territory.

*Semble,* that an ordinary solicitor of a life insurance company has no authority to make such an unusual contract as an oral agreement for life insurance, to take effect immediately, before there is a medical examination, and without payment of the premium otherwise than by a promissory note.

CONTRACT on an alleged oral contract of insurance upon the life of William J. Cameron, the plaintiff's intestate. Writ dated April 2, 1895.

The case was tried in the Superior Court before *Fessenden,* J. At the close of the plaintiff's case, the judge ruled that upon all the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. W. Corcoran & W. B. Sullivan,* for the plaintiff.

*H. R. Bailey,* (*E. B. Hale* with him,) for the defendant.

KNOWLTON, C. J. The plaintiff seeks to recover $10,000 on an alleged oral contract of the defendant to insure the life of his intestate. He introduced evidence tending to show that one Cooper was the general agent of the defendant company for Western New York, who resided and had his place of business at Syracuse in that State; that Alvi T. Baldwin, a brother of the plaintiff, lived in Mayville, New York, doing business in Rochester, and knew Cooper several years as a life insurance agent in Syracuse; that through him this brother took out two policies of insurance on his own life in the defendant company, amounting to $40,000; that in September, 1894, the brother met Cooper at the office of the Baldwin Brothers Company in Boston and then introduced him to the plaintiff's intestate, to the plaintiff, and to others, as the general agent of the Connecticut Mutual Life Insurance Company, and recommended him and his company to them, informing them that he had himself taken a large line of insurance with him. Cooper stated to those present " that he had come from Syracuse for the purpose of being introduced and writing insurance for the Connecticut Mutual Life Insurance Company." The plaintiff's evidence tended further to show that the plaintiff's intestate, the plaintiff, and one Daggett, made applications for insurance in the defendant company on that day, and each signed an application, and also a promissory note or some similar agreement which Cooper had in a book, Cooper telling them that they could make their payments to suit their convenience, at such times as were satisfactory to them. The witnesses also testified that Cooper told them that they were insured from the time they signed the applications. None of them was examined by a physician until the next day, when a medical examination of each was made. The application of the plaintiff's intestate was sent to the defendant company, but before any policy was made he died. The suit is brought on the alleged agreement of the

agent that the plaintiff's intestate was insured from the time of his signing the application.

The defendant sets up a variety of defences. It says first, that there was no evidence that Cooper had authority to bind it by such an oral contract for insurance without a payment of money or an examination by a physician. It invokes the St. 1894, c. 522, § 3, which makes it "unlawful for any company to make any contract of insurance upon . . . lives in this Commonwealth, or with any resident thereof, or for any person as insurance agent or insurance broker to make, negotiate, solicit, or in any manner aid in the transaction of such insurance, unless and except as authorized under the provisions of this act"; also § 65 of the same chapter which forbids life insurance companies to make any "insurance, guaranty, contract or pledge in this Commonwealth . . . which does not distinctly state the amount of benefits payable, the manner of payment and the consideration therefor"; also § 68 which provides that "no life insurance company doing business in Massachusetts shall . . . make any contract of insurance, or agreement as to such contract, other than as plainly expressed in the policy issued thereon"; also § 68 which forbids the payment or allowance by life insurance companies and agents as an inducement to insurance, of "any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefit to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance"; also §§ 77, 78 and 84 of this chapter, which severally provide in very plain terms that foreign insurance companies shall not do business in this Commonwealth otherwise than through an agent or agents who are residents of the Commonwealth. These statutory provisions are now found in R. L. c. 118.

The defendant, in answer to interrogatories, after saying that Cooper was its general agent for Western New York, added that he "had a license to solicit life insurance in Massachusetts." This we understand to mean that he was permitted or licensed by the defendant to solicit life insurance in Massachusetts, and not that he had any license from the authorities here. Upon the plaintiff's testimony and the admitted facts, Cooper was not a resident of this Commonwealth, but resided in Syracuse. Under

the statute, therefore, he could not legally represent the defendant as its agent to make a contract of life insurance in this Commonwealth. If he made such an oral contract as the plaintiff contends, it was an illegal contract which cannot be enforced. In this respect the case comes within the decisions in *Claflin* v. *United States Credit System Co.* 165 Mass. 501 and *Reliance Ins. Co.* v. *Sawyer*, 160 Mass. 413.

It is unnecessary to consider the other defences relied on by the defendant under the statutes above referred to. It is proper, however, to add that in another particular the plaintiff fails to prove his case. There is no evidence of authority on the part of Cooper, except the fact that he was the defendant's general agent for Western New York, and that it also permitted him to solicit insurance in Massachusetts. In no way did the defendant hold him out as having authority beyond that which was to be inferred from these facts. His acts and declarations at the time or subsequently are not competent evidence to prove his authority. Nor is there any inference that a general agent of a life insurance company for a particular territory has authority to represent the company in other territory, which presumably is assigned to another general agent, or is retained by the company in its own management. It is well known that life insurance companies transact business over very large areas, some of them in all the States of this country and in different foreign countries. A general agent for a specified area is not expected to exercise authority in the territory of another general agent. There is nothing in this case to indicate that Cooper had any more power to bind the company in Massachusetts than an ordinary soliciting agent. The language of the application signed by the plaintiff's intestate, and the policy of insurance in evidence, issued by the defendant to another person, as well as the general practice of life insurance companies, tend to show that an ordinary solicitor of a life insurance company has no authority to make such an unusual contract as an oral agreement for life insurance to take effect immediately, before there is a medical examination, and without a payment of the premium otherwise than by a promissory note. We do not intimate that the term "general agent," as applied to representatives of life insurance companies, implies such an authority to represent the company

as would cover the making of a contract of this kind, apart from the statutory restrictions.

We are of opinion that there was no evidence that Cooper was authorized to bind the defendant by the alleged oral contract made in Massachusetts.

*Exceptions overruled.*