FLORENCE A. BLAISDELL *vs.* HERSUM AND COMPANY, INCORPORATED.

Middlesex.     March 22, 1919. — May 20, 1919.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Bailment. Conversion. Agency,* Evidence of authority. *Evidence,* Of agency.

A bailee of chattels, who delivers the chattels to a person not authorized by the owner to receive them, is liable to the owner for a conversion of the goods, whether he was negligent or not.

In an action by the owner of furniture against the proprietor of a warehouse in which the furniture was stored for a conversion of a part of the goods, there was evidence that the plaintiff instructed an auctioneer, to whom she was referred by the defendant, to obtain from the defendant certain specific articles of her furniture, and that the auctioneer obtained from the defendant all the plaintiff's goods stored there and sold them. *Held,* that the plaintiff was entitled to go to

the jury, because the auctioneer was a special agent with limited authority and the defendant, before delivering all the plaintiff's goods to him, was bound to ascertain the nature and extent of his authority.

In the case above described it also was *held* that the acts and declarations of the auctioneer plainly were incompetent to prove his authority or the extent of it.

TORT for the alleged conversion of certain furniture belonging to the plaintiff and stored with the defendant. Writ in the Third District Court of Eastern Middlesex dated February 16, 1916.

On appeal to the Superior Court the case was tried before *Hitchcock*, J. The evidence is described in the opinion. At the close of the evidence the defendant asked the judge to give four instructions to the jury. The judge gave the first instruction requested. The others were as follows:

"2. If the jury find that the plaintiff employed the witness Hines to sell for her certain articles of furniture stored with the defendant, Hersum and Company [Incorporated], and told Hines to obtain from the defendant, Hersum and Company, the said articles of furniture, and if Hines in the course of his employment, and in undertaking to carry out what he was employed to do, through negligence, error or mistake, informed the defendant, Hersum and Company, that he, Hines, was instructed by the plaintiff to obtain and to sell all the goods belonging to the plaintiff stored with the defendant, Hersum and Company, and requested the defendant to deliver said goods to Hines, and if the defendant, relying on said statement and believing that Hines had been instructed by the plaintiff to obtain and sell all her goods stored with the defendant, Hersum and Company, delivers the goods so stored to Hines, the defendant by so doing is not liable for the conversion of said goods or any of them, and the plaintiff cannot recover in this action.

"3. If the jury find that there was an agreement between the plaintiff and the witness Hines whereby Hines was employed by the plaintiff to obtain and sell certain articles of household furniture belonging to the plaintiff and stored with the defendant, Hersum and Company, and if Hines in the performance of said agreement and in undertaking to perform the acts for which he was employed, through negligence, error or mistake, informed the defendant, Hersum and Company, that he had been authorized by the plaintiff to obtain from the defendant and to sell all the

furniture and goods stored by the plaintiff with the defendant, Hersum and Company, and if the defendant, relying on such information and believing the same to be true, delivers all the said furniture and goods so stored to Hines, the delivery of said furniture and goods to Hines is in law a delivery of said furniture and goods to the plaintiff, and the plaintiff is bound by the act of Hines in so obtaining all said furniture and goods and she cannot maintain this action for the conversion of said furniture and goods, or any of it, so delivered by the defendant to Hines.

"4. If the jury find that the plaintiff employed the witness Hines to sell for her certain articles of household furniture belonging to her which she had stored with the defendant and instructed Hines to obtain said articles from the defendant but did not instruct Hines to obtain or sell for her certain other articles of household furniture and goods stored by her with the defendant, and if the jury further find that Hines, in the course of his employment and in undertaking to carry out what he was employed to do, requested the defendant to deliver to him not only the certain articles which he was instructed by the plaintiff to obtain and sell but all other household furniture and goods stored by the plaintiff with the defendant, and if the jury further find that the defendant did not know that the plaintiff had not instructed Hines to obtain and sell for her all the household furniture and goods stored by the plaintiff with the defendant but that the defendant was informed by said Hines that he, Hines, was so instructed by the plaintiff, and if the defendant relied on the statement of Hines that he, Hines, was instructed by the plaintiff to obtain and sell for the plaintiff all the household furniture and goods stored by the plaintiff with the defendant (if such statement is found to have been made by said Hines to the defendant), and if the defendant did not know that said statement was untrue and did not have any knowledge or notice of any facts or circumstances from which a reasonably prudent man, under the circumstances could fairly and reasonably infer that said statement was untrue, then the defendant in delivering to Hines all the household furniture and goods stored by the plaintiff with the defendant in accordance with Hines' request is not liable to the plaintiff for the conversion of said household furniture and goods or any of it, and the plaintiff cannot recover in this action."

The judge refused to give any of these instructions, and submitted the case to the jury with other instructions. The jury returned a verdict for the plaintiff in the sum of $650; and the defendant alleged exceptions.

The case was submitted on briefs.

*H. F. R. Dolan, J. H. Morson & J. S. O'Neill,* for the defendant.

*T. A. Glennon,* for the plaintiff.

CROSBY, J. This is an action to recover for the alleged conversion by the defendant of certain household goods which had been delivered to it by the plaintiff to be stored in its warehouse.

The plaintiff testified that, while the goods were stored in the defendant's warehouse, she stated to the defendant's treasurer and general manager, one Hersum, that she would like to dispose of a sideboard so stored and asked him if he knew of any one who could sell it for her; that he referred her to one Hines who conducted a second-hand furniture and auction room; that later, she instructed Hines to obtain from the defendant certain specific articles named by her and sell them; that afterwards, she learned that Hines had taken all her goods which she had stored with the defendant, and had sold them.

Hines testified that the plaintiff told him she wanted the furniture stored with the defendant sold; and that she did not enumerate any particular articles.

Hersum testified that Hines told him the plaintiff had instructed him (Hines) to obtain all her goods stored with the defendant and sell them; and that thereupon the defendant sent all the goods to Hines.

The evidence discloses that Hines was a special agent of the plaintiff, with limited authority. The defendant before delivering all the plaintiff's goods to Hines was bound to inquire and ascertain the nature and extent of his authority. *Lovett, Hart & Phipps Co.* v. *Sullivan,* 189 Mass. 535. *A. Blum Jr's Sons* v. *Whipple,* 194 Mass. 253, 257. The acts and declarations of Hines were plainly incompetent to prove his authority or its extent. *Manning* v. *Carberry,* 172 Mass. 432. *Baldwin* v. *Connecticut Mutual Life Ins. Co.* 182 Mass. 389.

The defendant's second, third and fourth requests in substance were that, if Hines was employed by the plaintiff to sell certain articles which she directed him to obtain from the defendant

but by negligence or mistake Hines informed the defendant that he was employed by the plaintiff to obtain and sell all the goods, the defendant is not liable. These requests properly could not have been given. The defendant as a bailee of the plaintiff's property impliedly contracted to return it to her, or to some third person with her express or implied consent. *Doyle* v. *Peerless Motor Car Co. of New England,* 226 Mass. 561.

Delivery of property by a bailee to a person not authorized by the owner is of itself a conversion, rendering the bailee liable without regard to the question of due care or negligence. *Hall* v. *Boston & Worcester Railroad,* 14 Allen, 439, 443. *Murray* v. *Postal Telegraph-Cable Co.* 210 Mass. 188, 195. *Stevens* v. *Stewart-Warner Speedometer Corp.* 223 Mass. 44.

The well settled principle that a master is liable for the negligence of his servant committed while engaged in his master's business, and within the scope of his employment, is not applicable to the facts in the case at bar; accordingly, *Howe* v. *Newmarch,* 12 Allen, 49, and similar cases cited and relied on by the defendant, are not authorities in favor of its contention that the rulings requested should have been given. The instructions given were correct and fully protected the rights of the defendant.

*Exceptions overruled.*