INTERNATIONAL PAPER CO. v. GENERAL FIRE ASSUR. CO.

(Circuit Court of Appeals, Second Circuit.   January 14, 1920.)

No. 100.

1. INSURANCE ⬅98—BROKER IS AGENT OF PARTY WHO FIRST EMPLOYED HIM.
   An insurance broker, like other brokers, is primarily the agent of the first person who employs him, and is therefore ordinarily insured's agent.

2. INSURANCE ⬅80—AGENT WITHIN SCOPE OF AUTHORITY IS AGENT OF INSURER.
   An insurance agent, within the scope of his actual authority, is the agent of the insurer whether, in trade parlance, described as general, special, issuing, local, or soliciting agent.

3. INSURANCE ⬅73—PERSON MAY BE BOTH AGENT AND BROKER.
   A person may be both an insurance agent and an insurance broker, and at different times act in both capacities.

4. TRIAL ⬅139(1)—VERDICT SHOULD BE DIRECTED ONLY WHEN THERE IS NO EVIDENCE TENDING TO PROVE ISSUE.
   A verdict should be directed only when there is no evidence before the jury, either strong or weak, tending to prove the issue on the part of the one against whom the direction is given.

5. INSURANCE ⬅668(2)—WHETHER BROKER WAS ACTING AS INSURER'S AGENT IN APPLYING FOR INSURANCE A JURY QUESTION.
   Whether an insurance broker, who was also agent for the insurer, with authority to issue insurance in certain territory, not embracing the insured property, was acting as its agent in procuring the issuance of insurance by another authorized agent, in doing which he made material misrepresentations, was a question for the jury.

6. TRIAL ⬅56—RECORDS PROPERLY EXCLUDED WHERE FACTS ALREADY HAD BEEN SHOWN BY ORAL EVIDENCE.
   In an action wherein it was claimed that an insurance broker, who was also agent for the insurer, was acting as such in procuring insurance through another agent, records showing his agency were properly excluded, where he had already testified to his agency, its nature and extent, and the recorded papers added nothing to his testimony.

7. INSURANCE ⬅100—AGENCY COULD BE SHOWN BY AGENT'S TESTIMONY, THOUGH NOT BY HIS DECLARATIONS.
   That an insurance broker was the agent of insured could be shown by his testimony, though not by his acts and declarations.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Southern District of New York.

Action by the International Paper Company against the General Fire Assurance Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Action is on policies of fire insurance issued by defendant to plaintiff in the "standard form" imposed by legislative action in New York. Policies cover "on merchandise, principally manufactured paper stored in the lower main building of the casein factory * * * [at] Bellows Falls, Vt.," and contain the usual provision that they are "void if the insured has concealed or misrepresented * * * any material fact or circumstance concerning this insurance or the subject thereof."

Defendant maintained no agency in Vermont, and had no license in or from that state. It is a French corporation, and had as its general agents in this country James & Co., of New York; it also had as general agents for Boston and its suburbs Field & Cowles of that city, in whose office was one Barton, to whom desk room was furnished rent free, and who himself had authority to issue insurance in the name of defendant in a part of Field & Cowles' territory.

Plaintiff is a corporation having many plants in divers parts of the country, and in respect of some, if not much of its New England property had, for some years before issuance of the policies in suit, gotten much of its insurance through Barton. An officer or agent of plaintiff in New York, telegraphed and wrote to Barton in Boston telling him to "insure contents of lower building casein warehouse, Bellows Falls, Vt.," in an amount greater than the policies in suit, and authorizing him to "renew line * * * covering paper stored in lower building of [said] casein warehouse." Plaintiff gave no other instructions or information, and we infer, from absence of evidence on the point, that it thought Barton needed nothing more; he had visited the locality, but (as he testified) not very recently. Barton preferred to obtain so much of the desired insurance as he allotted to defendant from and through James & Co., because some six months earlier "I made a connection with James & Co., and began to divert from Field & Cowles all risks outside of Massachusetts." He testified that he "had risks all over the New England States," and placed them "in the same way [he] placed" this insurance.

James & Co. issued the policies in suit on Barton's written request, and (as we must assume after the verdict) in such writing Barton misrepresented material facts concerning the subject of this insurance, viz., the contents of the casein factory were not "principally manufactured paper," but stock and rags of a more inflammable nature.

The trial judge sent to the jury, not only the nature of the factory contents, but the question whether Barton was in respect of the policies in suit the agent of plaintiff or defendant. A general verdict for defendant having been rendered, and judgment entered accordingly, plaintiff took this writ.

Stetson, Jennings & Russell, of New York City (Lee McCanliss and Edward R. Greene, both of New York City, of counsel), for plaintiff in error.

Hartwell Cabell, of New York City, for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] An insurance broker, like other brokers, is primarily the agent of the first person who employs him, and is therefore ordinarily the agent of the insured.

[2] An insurance agent, however, within the scope of his actual authority, and whether in trade parlance given the description gen-

eral, special, issuing, local, or soliciting, is the agent of the insurer. With the tangled and dubious question of acts within what has been called such agents' apparent authority, we are not now concerned. Cf. Mechem Agency (3d Ed.) § 1049. A policy once issued is a written contract, to be interpreted in a federal court as required by Northern, etc., Co. v. Grand View, etc., Ass'n, 183 U. S. 308, 349, 22 Sup. Ct. 133, 46 L. Ed. 213, limiting Insurance Co. v. Wilkinson, 13 Wall. 222, 20 L. Ed. 617.

[3] In the affair now before us, the insured undoubtedly employed Barton first; but he was both an insurance agent and an insurance broker, as we are assured by his own evidence. It is not impossible for a man so to do business (Mannheim, etc., Co. v. Hollander [D. C.] 112 Fed. 551), and function at different times in both capacities. It is the question in this case, In what capacity was Barton acting when he asked James to issue the policies in suit? And most of plaintiff's exceptions rest on the belief that as matter of law he was defendant's agent, and the court should have so directed the jury.

[4] This can only be true if there was no "evidence before the jury —whether it be weak or strong—which does so much as tend to prove the issue on the part of" the side against which such direction is given. Hickman v. Jones, 9 Wall. 197, 19 L. Ed. 551.

[5] Assuredly that is not true in this case; and it is sufficient to refer to Hough v. City, etc., Co., 29 Conn. 10, 76 Am. Dec. 581, cited with apparent approval in Northern Assur. Co. v. Grand View Bldg. Ass'n, 183 U. S. 324, 22 Sup. Ct. 133, 46 L. Ed. 213, for an illustration of a jury issue far less obvious than the present. A similar course was pursued in Mohr v. Insurance Co. (C. C.) 13 Fed. 74, and Queen, etc., Co. v. Union Bank, 111 Fed. 697, 49 C. C. A. 555, where the insured applied "to persons known to have authority * * * to issue policies of insurance," something weighing far more heavily against the insurer than anything shown here, for that Barton had no right whatever to issue a policy on goods in Vermont is admitted. The error of plaintiff's argument is in assuming that an agent for one purpose, must be an agent for another; he may be, or the principal may be estopped from asserting the contrary; and it is the possibility that carries the issue to the jury. Whether under all the evidence herein, a verdict for the plaintiff could have been sustained, is not before us, and no opinion is expressed.

[6] Plaintiff complains, further, that it was not permitted to put in evidence certain formal papers filed in a public office in Massachusetts and showing Barton's agency. But Barton had already testified to his agency, its nature and extent, and those papers added nothing thereto. It is a mistake to suppose that, when a thing is proved, either party has a legal right to prove it over again in a way he likes better. At the most, the matter is one for the discretion of the trial judge.

[7] Again complaint is made (in substance) that defendant was permitted to show by Barton's own testimony that he was plaintiff's broker or agent. This is argued under cover of authorities holding that agency cannot be proved by the "acts and declarations" of the

alleged agent—a proposition not doubted. Baldwin v. Connecticut, etc., Co., 182 Mass. 389, 65 N. E. 837. But here we have Barton's evidence, and that an agent can testify to his own agency is certainly true. Livingston v. Swanwick, 2 Dall. 300, Fed. Cas. No. 8,419.

We do not think it necessary to discuss the remaining assignments of error.

Judgment affirmed, with costs.