RUBY FREEMAN *vs.* MAURICE FISHMAN & another.

Middlesex. March 21, 1923. — May 24, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction*, To reform instrument in writing, Specific performance. *Contract*, Reformation, What constitutes, Validity. *Frauds, Statute of. Infant.*

Where an instrument in writing, which purported to be a contract for the sale of certain real estate of one, recited therein to be the party of the first part, to two persons, recited therein to be parties of the second part, was signed by only one of the parties of the second part and in his own name only, the party of the first part cannot maintain a suit in equity against the two parties of the second part seeking a decree that the instrument should be reformed by the signing thereto of the name of the second defendant by the first defendant as his agent, although the first defendant originally had been authorized to affix such signature and had omitted to do so through inadvertence.

The fact, that the second defendant was named as a party of the second part in the instrument as drafted, did not constitute that instrument, when signed by the first defendant in his own name only, the written evidence of an agreement by the second defendant which the statute of frauds requires.

An infant cannot maintain a suit in equity for specific performance of a contract in writing for the purchase of real estate owned by him, although, when the contract was made, a sum of money was paid to the infant as part of the purchase price named and thereafter a guardian was appointed who, by decree of the Probate Court, was given license to sell in accordance with the provisions of the alleged contract, especially where it appears that, before the appointment of the guardian, the defendant repudiated the contract; and it is immaterial that, in so repudiating, the defendant gave an untenable reason.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated March 22, 1922, for specific performance of an alleged contract for purchase by the defendants of certain real estate of the plaintiff.

The plaintiff filed a replication reading as follows: " And now comes the plaintiff and in reply to the defendants' contention that Jacob Freeman and Maurice Fishman signed a certain instrument, a copy of which is hereto annexed, which said instrument purported to be a written contract between Ruby Freeman, by her agent Jacob Freeman, Maurice Fishman and Nathan Peikes for the purchase and sale of property on Tilden Street in Lowell, but that said agreement as executed was drawn in such manner that the signature of Nathan Peikes was not affixed thereto and that said agreement is therefore not binding upon either said Fishman or said Peikes; says that it was intended in fact by all parties that said instrument should be signed by said Fishman in such manner as to be binding upon said Peikes and that said Fishman was authorized by said Peikes to execute said instrument in behalf of said Peikes, but that by mutual mistake and inadvertence of all parties, said Fishman alone affixed his signature thereto; wherefore the plaintiff prays that said instrument may be reformed to conform with the intention of the parties and to correct said mutual mistake."

A jury having found, as stated in the opinion, that the agreement was not procured to be signed and delivered through fraud and deceit of the plaintiff, the suit was heard by *Cox, J.* Material findings of fact and rulings of law by the judge are described in the opinion. Upon stipulations described in the opinion, the judge reserved and reported the suit for determination by this court.

*R. B. Walsh,* for the plaintiff.

*A. S. Howard,* (*M. Goldman* with him,) for the defendants.

PIERCE, J.　This is a bill in equity for specific performance of an alleged agreement for the purchase and sale of a certain parcel of real estate situated in Lowell, Massachusetts; and is before this court upon a reservation and report of the evidence and all questions of law by a judge of the Superior Court, under the authority of G. L. c. 214, § 31.　The reservation and report in its terms is as follows: " I therefore reserve and report the evidence and all questions of law in the case for the consideration of the Supreme Judicial Court. If, upon the facts found, the agreement should and can be reformed, a decree is to be entered requiring the defendant Fishman to execute it in his name as the authorized agent of the defendant Peikes; if such a decree is ordered and specific performance of the agreement should and can be ordered, the decree is to further direct that the defendants be ordered to specifically perform their agreement according to its terms, with costs to the plaintiff, taxed as in an action at law.　If the agreement should not or cannot be reformed or it should and can be reformed but specific performance should not or cannot be ordered, a decree is to be entered dismissing the bill, with costs to the defendants, taxed as in an action at law."

The facts material to the issue succinctly stated are: The plaintiff, Ruby Freeman, is a minor.　On January 20, 1922, she was the owner of the real estate described in the bill and was not under guardianship.　On that date her father, purporting to act in her behalf, entered into negotiations with the defendants looking to a sale of the property.　As a result of these negotiations the instrument, marked " Exhibit 1 " and attached to the bill of complaint, was executed at the office of one Robbins an attorney at law in Lowell, in the terms which follow: " This Agreement made this twentieth day of January nineteen Hundred Twenty Two by and between Ruby Freeman of Lowell, Middlesex County, Massachusetts, party of the first part, and Maurice Fishman and Nathan Peikes both of said Lowell, parties of the second part.　Witnesseth: That for the consideration of $10,200

to be paid by the parties of the second part to the party of the first part the party of the first part hereby agrees to Sell and convey to the parties of the second part the land with the buildings thereon numbered 104-110 Tilden Street in said Lowell, containing ten tenements and two stores, by a good and sufficient Quitclaim Deed conveying a clear title thereto; and for the above conveyance the parties of the second part hereby agree to pay to the party of the first part the sum of $10,200. in manner following: — $200. on execution of this agreement, $300. on the appointment of a guardian for me by the Middlesex Probate Court assuming a mortgage of $6900. on said property and held by the Mechanics Savings Bank, and the giving of a second mortgage and note to the party of the first part for the sum of $2000. payable in one year with interest at the rate of seven percent per annum, and the balance of $800. to be paid upon the passing of papers. The taxes for the year 1921, water, insurance and interest to be pro-rated as of the date of passing papers. It is also agreed that there is one lease on said property for the term of not more than four years of which time approximately two or more years have run. Papers to be passed and consideration paid within sixty days from this date. (Signed) Ruby Freeman (Seal) by J. Freeman (Seal) (Signed) Maurice Fishman (Seal)"

During the talk in Robbins's office at which Robbins, the defendant Fishman, and Jacob Freeman were present, attention was called to the fact that the title was in the name of the plaintiff. In consequence thereof it was agreed by those present that the initial deposit, which at first had been settled at $500, should be reduced to $200 and that $300 should be paid upon the appointment of a guardian for the plaintiff as set forth in " Exhibit 1." The instrument was then signed by Jacob Freeman and the defendant Fishman. On January 23, 1922, Jacob Freeman was appointed guardian of the plaintiff by the Probate Court for the County of Middlesex; and on January 25, 1922, said court entered a decree granting Jacob Freeman, as guardian, license to sell this property in accordance with " Exhibit 1."

Before the guardian had been appointed, the defendants notified Jacob Freeman that they would refuse to carry on the alleged agreement and gave as their reason therefor that there had been material misrepresentation made in respect to the property. To the defence of misrepresentation a jury empanelled to try the issue answered " No " to the question " Were the defendants induced to sign and deliver the agreement referred to in the plaintiff's bill of complaint by fraud or deceit practised upon the defendants by the plaintiff or her agents or servants." On March 22, 1922, the plaintiff tendered the defendants a deed under this license, which the defendants refused to accept, and refused to carry out the alleged agreement of purchase. The presiding judge, in addition to the other facts above stated, found upon the evidence " that it was intended in fact by all parties present in the office of Mr. Robbins when ' Exhibit 1 ' was signed, that it should be signed and sealed not only by said Fishman in behalf of himself, but also by said Fishman in behalf of said Peikes in such manner as to bind said Peikes as well as said Fishman and not said Fishman alone, and that said Fishman was authorized by said Peikes to sign and seal said instrument in his name and behalf but that by mutual mistake and inadvertence of all parties said Fishman alone affixed his signature."

We do not think the agreement " Exhibit 1 " can be reformed by adding as a party thereto the name of Nathan Peikes. If Maurice Fishman had signed the name of Nathan Peikes, as he inadvertently omitted to do, or had signed his own name as principal and as agent for Peikes, his authority to sign the name of Peikes or to sign his own name as the agent for Peikes could have been shown by parol evidence. *Sanborn* v. *Flagler* 9 Allen, 474, 478. *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427, 431. But the unexecuted authority of Fishman cannot be specifically enforced by a bill to reform against Fishman and Peikes, any more than the authorization to Fishman to sign the name of Peikes to the instrument could have been enforced if Fishman had refused so to do when the instrument was executed. The fact that Peikes is named as a party of the second part in the instru-

ment as drafted, does not supply the written evidence of his agreement which the statute of frauds requires. *Sarkisian* v. *Teele,* 201 Mass. 596, 607, and cases cited.

If we assume the right in the plaintiff and the reformation of the agreement, the bill for specific performance cannot be decreed. When the agreement was executed in the name of the plaintiff by her father, and in the name of the defendants by Fishman as principal and agent, the plaintiff was a minor and her agreement, and the acts of her agent were voidable by her during her minority. It is the usual rule, and there are no facts in evidence of change of situation or partial performance to bring this case outside the rule that specific performance will not be enforced against a defendant when performance by the plaintiff rests in his absolute volition. As is commonly said, " There must be a mutuality of obligation, or the court refuses to interfere." *Putnam* v. *Grace,* 161 Mass. 237, 247. *Flight* v. *Bolland,* 4 Russ. 298; 6 Eng. R. C. 693. *Ten Eyck* v. *Manning,* 52 N. J. Eq. 47. *Tarr* v. *Scott,* 4 Brewst. 49. See *Asberry* v. *Mitchell,* L. R. A. 1918 A 785 and note. Moreover, before the appointment of a guardian and before the authorization of the sale of the parcel in conformity to the provisions of " Exhibit 1," the defendants notified the alleged agent of the plaintiff, Jacob Freeman, that they refused to carry out the alleged agreement. This they had the right to do. And the legal effect of their action is not lost by the fact that an untenable reason was given therefor. *Cowan* v. *Curran,* 216 Ill. 598. 2 C. J. 524, and cases collected. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352. The license of the Probate Court did not by its terms ratify and make firm and unrevokable the agreement and obligation of the plaintiff to the defendants, if that court had authority so to decree. See *Frantz* v. *Lester,* 82 W. Va. 328; 2 A. L. R. 1558 and note. No contract was made by the defendants with the guardian as such acting under the license of the Probate Court.

It follows that this suit upon the original agreement cannot be enforced, and that the bill must be dismissed with costs.

*Decree accordingly.*