WASHBURN-CROSBY COMPANY *vs.* AMELIA PEDRO.

Worcester.    September 22, 1925. — October 15, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Agency,* Existence of relation, Ratification of unauthorized act.    *Contract,* Ratification.

A finding that a woman has ratified a contract in writing for the purchase of flour which her husband without her authority had signed in her name is not warranted by evidence which tends merely to show that, a few days after an order was signed by the husband, an agent for the plaintiff saw the woman and her husband in the woman's bakery and "they told him that they would not accept the flour because they did not want to use the brand of flour mentioned in the contract and that no other reasons were given for not accepting the flour"; that this sole reason was repeated several times to the plaintiff's agent and that, within four days after the order was signed by the husband, the woman wrote cancelling the order.

CONTRACT for the purchase price of flour alleged to have been sold by the plaintiff to the defendant. Writ in the Second District Court of Eastern Worcester dated May 20, 1922.

On appeal to the Superior Court, the action was tried before *Flynn,* J. Material evidence is described in the opinion. By order of the judge, a verdict was entered for the defendant. The plaintiff alleged exceptions.

*R. B. Dodge,* for the plaintiff.

No argument nor brief for the defendant.

CARROLL, J. The defendant's husband on September 22, 1921, signed in his wife's name a written contract for the purchase of fifty barrels of flour, to be delivered December 1, 1921. On September 26, 1921, the defendant wrote the plaintiff cancelling the order. It was agreed that the only question for the jury was the defendant's liability under the written contract executed by her husband in her name. The

action is for the breach of the contract.   In the Superior Court a verdict for the defendant was ordered.

Mrs. Pedro was the owner of a bakery, in which her husband worked as a baker.   There was no evidence that he was the defendant's agent to make the purchase in question or sign the contract.   There was nothing in the evidence to show that the relation of principal and agent existed between them.

The plaintiff contends that the contract was ratified by the defendant.   It bases this contention on the evidence that a few days after the contract was signed the plaintiff's agent saw the defendant and her husband at the bakery, and "they told him that they would not accept the flour because they did not want to use the brand of flour mentioned in the contract and that no other reasons were given for not accepting the flour"; that "he visited the defendant's place of business several times during the period between the date of the contract and the time within which the flour was to be accepted and that each time they refused to accept the flour for the only given reason that they did not wish to use that brand of flour."   This was not sufficient evidence to establish the defendant's ratification of the unauthorized contract.   She disaffirmed the contract on September 26, within four days after it was made.   She in no way approved it and she repudiated it within a reasonable time.   Ratification is not to be inferred from the fact that she stated to the plaintiff's agent that she did not wish to use the plaintiff's brand of flour.   She did not adopt the contract and was not bound to give her reasons for her disaffirmance of it.   The husband was not her agent, and she was not estopped by her statements to the plaintiff's agent from cancelling the contract; see *Brown* v. *Henry,* 172 Mass. 559, 568.   The plaintiff relies on *Boice-Perrine Co.* v. *Kelley,* 243 Mass. 327, *Harrod* v. *McDaniels,* 126 Mass. 413, *Foster* v. *Rockwell,* 104 Mass. 167, *Brigham* v. *Peters,* 1 Gray, 139, 147.   We find nothing in these cases to support the plaintiff's contention.

The defendant did not file a married woman's certificate under G. L. c. 209, § 10; but this circumstance does not help the plaintiff.

*Exceptions overruled.*