ANTHONY COBUZZI *vs.* FRANK K. PARKS & another.

Middlesex.    October 6, 1943. — December 10, 1943.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Contract*, For the sale of real estate, Performance and breach.  *Tender.*
  *Equity Jurisdiction*, Specific performance.  *Real Property*, Tenancy by
  the entirety.  *Tenants by the Entirety.  Husband and Wife.  Agency,*
  What constitutes.  *Equity Pleading and Practice*, Decree.

A statement made by the seller to the buyer under a contract for the sale
  of real estate, that he was "not going through with the transaction,"
  would excuse the buyer from the necessity of tendering payment of a
  balance due on the purchase price as a preliminary to enforcing the
  contract.
Evidence warranted a finding that, in conduct of a husband and his wife
  relative to a sale of real estate owned by them as tenants by the en-
  tirety, each acted both in his or her individual capacity and also as
  an authorized agent of the other.
One spouse may be an agent of the other.
A decree in equity ordering specific performance by the seller of a con-
  tract for the sale of real estate, under which the buyer was to assume
  and agree to pay an outstanding mortgage on the property as part of
  the purchase price and was to pay the balance of the price to the
  seller, should not have provided for such payment by the buyer by
  "bank check or cash," but only in cash, and should have provided
  that in the conveyance which the seller was ordered to make the
  buyer should assume and agree to pay the mortgage.

BILL IN EQUITY, filed in the Superior Court on April 28,
1942.

The suit was heard by *Morton*, J.

*W. M. Kerwin*, for the defendants.

*A. M. Cicchetti*, for the plaintiff, submitted a brief.

DOLAN, J.    This is a bill in equity against the defendants
Frank K. Parks and his wife, Mae H. Parks, seeking specific
performance of an agreement for the purchase and sale of
certain real estate.  The evidence is reported, and the judge,
after making a report of all the material facts, ordered that

a decree be entered directing the defendants to deliver to the plaintiff a quitclaim deed of the premises in question "upon the tender or delivery to the defendants of a bank check or cash for $1,980, and for costs." A final decree was entered accordingly from which the defendants appealed.

Material facts found by the judge follow. The defendants are the owners of the premises involved as tenants by the entirety. On April 17, 1942, the plaintiff saw the premises. There was a sign in the window of the house reading "For Sale." He entered the house and conferred with the defendants relative to its sale. Finally the defendants "entered into an oral agreement for the purchase and sale thereof for the sum of $2,000, the purchase price being $6,500, there being a first mortgage of $4,500 outstanding thereon. After the oral agreement was made, the defendants requested a deposit, and all the plaintiff had at the time was $20, which was paid to the defendants." A written memorandum was signed at that time in terms as follows: "April 17, 1942 Received from Anthony Cobuzzi Received deposit of $20.00 to apply on sale of house at 448 Concord Turnpike, Arlington, Mass., balance of $1980. to be paid April 18, 1942. Buyer will forfeit deposit of $20.00 paid April 17th, 1942 if balance of $1980. is not paid April 18, 1942. (signed) FRANK K. PARKS." The defendant Frank signed this agreement at the request of his wife, the defendant Mae H. Parks, "in both his personal capacity and as agent for his wife." (The defence of the statute of frauds was not set up in the answer of the defendants.) On the following morning (April 18) an attorney for the plaintiff "called" the defendants and requested the name of their attorney to secure information with reference to the title to the premises. The defendant Mae talked with him but refused to give the name of the attorney, saying that "they were not going through with the transaction as they were advised they could get more money therefor." Forthwith the plaintiff secured a savings bank check "for the amount of $1,980 as called for by the oral agreement and written memorandum," and went to the defendants and tendered the same to them, but they refused to accept it.

Under the familiar rule, since the evidence is reported it is our duty to examine it and decide the case according to our own judgment, giving due weight to the findings of fact of the judge which will not be reversed unless plainly wrong. The evidence in the present case supports in the main the material findings of the judge and the decree entered by him. It demonstrates that a completed bargain was made between the parties on April 17, 1942, for the sale of the premises to the plaintiff as the buyer, that the bargain was made in the presence of the plaintiff and his wife and in that of both of the defendants, that a deposit satisfactory to the defendants was paid to them by the plaintiff on that day, and that thereupon Mr. Parks, at the request of and in the presence of Mrs. Parks, made out and delivered to the plaintiff the memorandum before referred to. On April 18 the plaintiff presented a savings bank check for $1,980 to the defendants, which they refused to accept. There is nothing in the evidence to show that the payment of that sum was agreed to be by bank check rather than by cash. We are not called upon, however, to decide whether the tender of the bank check was sufficient, not only because the defendants made no objection on that score, see *Minsky* v. *Zieve*, 255 Mass. 542, 545, but also because the plaintiff was excused from any tender as a preliminary to his enforcement of the contract by the definite refusal of the defendants without any legal excuse to complete their part of the bargain. *Tobin* v. *Larkin*, 183 Mass. 389, 392. *Roche* v. *Fairbanks*, 254 Mass. 7, 9–10. *Hazen* v. *Warwick*, 256 Mass. 302, 307–308. And the evidence supports the conclusion that the plaintiff demanded performance of the contract and that he was ready, able and willing to carry out his part of the transaction. See *Hunt* v. *Bassett*, 269 Mass. 298, 302.

While the premises were owned by the defendants as tenants by the entirety, a tenancy that could not be severed without the consent of both, *Hoag* v. *Hoag*, 213 Mass. 50, we are of opinion that the evidence supports the conclusion that in the receipt of the deposit by Mrs. Parks, the execution at her request and in her presence of the memorandum by Mr. Parks, and the subsequent con-

duct of one or the other, each was acting not only in his or her individual capacity but also as agent for the other lawfully authorized thereunto. And it is settled that a husband or wife may be an agent for the other spouse. *Duggan* v. *Wright*, 157 Mass. 228, 232. *Smith* v. *Smith*, 313 Mass. 687, 693. Am. Law Inst. Restatement: Agency, § 22.

Under the terms of the completed bargain the plaintiff, in addition to paying $2,000 as part of the purchase price of $6,500, was required to assume and agree to pay the outstanding mortgage of $4,500. The decree entered by the judge makes no provision for the assumption of the mortgage, and provides that the $1,980 required to be paid under the agreement is to be by "bank check or cash." The decree must be modified by striking out the provision for payment by bank check, and by providing that, under the conveyance directed to be made, the plaintiff shall assume and agree to pay the mortgage of $4,500 as a part of the purchase price. As so modified the decree is

*Affirmed with costs.*