GEORGE GORDON *vs.* MARY G. O'BRIEN & others.

Suffolk.    December 6, 1946. — February 1, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Agency,* Scope of authority or employment. *Husband and Wife. Evidence,* Of agency. *Equity Jurisdiction,* Retention of suit for assessment of damages.

Authority of an attorney at law to sign a memorandum of a contract of sale of real estate in behalf of the owner, a married woman, was not shown to have been derived from her directly by the mere facts that the attorney had acted as her attorney for many years and that several months previously he had signed a paper in her behalf in connection with a sale of other land, or through her husband by the mere fact that the husband had authority to act for her in the management of the property and in attending to its maintenance and the collection of the rents.

Statements made by an alleged agent out of court and not in the presence of his alleged principal are not competent to prove agency in the absence of any other evidence thereof.

A suit in equity for specific performance of an oral contract for sale of real estate, which failed against the seller for want of proof of authority of an alleged agent to sign a memorandum of the contract in the seller's behalf, should not be retained for determination of the rights of the plaintiff against the alleged agent, also a defendant, due to his purporting to act with the seller's authority, an issue which had not been tried in the trial court, and the bill should be dismissed without prejudice to the plaintiff's right to bring an action at law against the alleged agent.

BILL IN EQUITY, filed in the Superior Court on November 13, 1945.

The suit was heard by *Morton,* J.

*L. H. Weinstein,* (*J. L. Crowley* with him,) for the defendants O'Brien.

*J. Levensohn,* for the plaintiff.

RONAN, J.    These are appeals by the defendants O'Brien from a final decree ordering them specifically to perform a contract alleged to have been made between them and the plaintiff by ordering them to convey certain premises to the plaintiff.    The plaintiff has also appealed from the same

decree which dismissed the bill as to the remaining defendant, Mr. Norton.

We have a transcript of the evidence and a report of the material facts. All questions of law, fact and discretion are open for our decision. We can find facts for ourselves in addition to those found by the judge and, if satisfied that he was plainly wrong in making certain findings, we can find facts contrary to such findings made by him. *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178. *Shattuck* v. *Wood Memorial Home, Inc.* 319 Mass. 444, 445.

The facts may be briefly summarized. The plaintiff in March, 1945, was told by the defendant Mary G. O'Brien in the presence of her husband, the defendant Michael J. O'Brien, that she was willing to sell certain premises which she owned on Hawley Street in Boston for $7,500. The plaintiff subsequently inspected these premises, and, after various conferences with O'Brien, orally agreed with him to purchase these premises for $7,500. O'Brien on October 1, 1945, telephoned to the defendant Mr. Norton, who had acted for nearly twenty years as attorney for the O'Briens, stating that he had sold the property and requesting Mr. Norton to go to the premises. When Mr. Norton arrived, he met the plaintiff and O'Brien, and suggested to O'Brien that he ascertain from his wife whether the oral agreement which O'Brien had made with the plaintiff was satisfactory to her and that O'Brien could then report to him. O'Brien, in the presence of the plaintiff, on October 2, 1945, telephoned to Mr. Norton, and as result the plaintiff went to the office of Mr. Norton where he made a deposit of $300 and received a written memorandum, which could be found to contain all the essential terms of the oral contract of sale and which also stated that formal agreements would be executed on or before October 5, 1945. The only signature on this memorandum was "Wm. I. Norton, Attorney for Annie G. O'Brien." Mrs. O'Brien refused to sign any agreement when requested to do so by Mr. Norton, and she refused to accept the balance of the purchase price when it was seasonably tendered to her by the plaintiff.

The defendants have set up the statute of frauds. We

assume in favor of the plaintiff that Mr. Norton inadvertently wrote "Annie" for "Mary" in signing the memorandum, and that this mistake would not invalidate the instrument. See *Sanborn* v. *Flagler*, 9 Allen, 474; *Walker* v. *Walker*, 175 Mass. 349; *Irving* v. *Goodimate Co.*, *ante*, 454. The burden of proof was upon the plaintiff to show that Mr. Norton had authority to sign in behalf of Mrs. O'Brien. *Jacobson* v. *Perman*, 238 Mass. 445. *Des Brisay* v. *Foss*, 264 Mass. 102, 109. The fact that he had acted as her attorney for nearly twenty years or that he signed a paper in her behalf in the sale of a parcel of land in Nantasket in March, 1945, did not establish any general agency on his part to sign the memorandum of October 2, 1945. *Nourse* v. *Jennings*, 180 Mass. 592, 595–596. *Zilli* v. *Rome*, 240 Mass. 368, 370. He never communicated with her until a few days after he had signed the memorandum, when she refused to sign any agreement for the sale of the property. Our inquiry is, therefore, limited to whether he acquired such authority through O'Brien, who purported to act for her. A husband may of course act as agent for his wife in the management and disposition of her property. *Duggan* v. *Wright*, 157 Mass. 228. *Smith* v. *Smith*, 313 Mass. 687. *Cobuzzi* v. *Parks*, 315 Mass. 199. But where, as here, the agency is disputed, proof of the marital relation alone is not sufficient to establish that he was her agent in negotiating the sale of her land. *Butler* v. *Price*, 115 Mass. 578. *Barker* v. *Mackay*, 175 Mass. 485. *Harvey* v. *Squire*, 217 Mass. 411. *Washburn-Crosby Co.* v. *Pedro*, 253 Mass. 460. *Goldstein* v. *Slutsky*, 254 Mass. 501. *Hannon* v. *Schwartz*, 304 Mass. 468. The fact, however, need not be established by direct evidence that she appointed him her agent to transact the business in question or that she admitted the agency, because it is enough to show that he was acting in her behalf and for her benefit with her consent and knowledge or that upon learning of his conduct she adopted and ratified it. In this respect the marital relation becomes an important factor in determining whether she knew and acquiesced in what he was doing with reference to her property. If she permitted him to act as her

agent, then silence will not shield her from liability to those who dealt with him on a matter which she allowed him to transact for her. The existence of an agency between husband and wife frequently rests upon various circumstances and usually presents a question of fact. *Arnold* v. *Spurr*, 130 Mass. 347. *Wheaton* v. *Trimble*, 145 Mass. 345. *Simes* v. *Rockwell*, 156 Mass. 372. *Reid* v. *Miller*, 205 Mass. 80. *O'Connell* v. *Casey*, 206 Mass. 520. *Groce* v. *First National Stores Inc.* 268 Mass. 210. *Frechette* v. *Thibodeau*, 294 Mass. 51. *Cobuzzi* v. *Parks*, 315 Mass. 199.

O'Brien managed the property, which consisted of a small five-story building, a portion of which was occupied by him in conducting a plumbing business. He collected the rents and attended to the repairs. Supervision limited to the maintenance of the property and the collection of income does not include authority to perform any acts beyond those reasonably necessary for and incidental. to the accomplishment of these two duties, and one possessing the power to keep the property in repair and to let it and collect the rents does not have the power to sell or mortgage it. *Selden Truck Corp.* v. *Selden Truck Service Co.* 257 Mass. 58. *Horowitz* v. *State Street Trust Co.* 283 Mass. 53, 58, 59. *Kalker* v. *Bailen*, 290 Mass. 202, 206. Mechem, Agency (2d ed.) § 802. Restatement: Agency, §§ 52, 73.

The defendant Mrs. O'Brien excepted to the testimony of the plaintiff that O'Brien told him on October 2, 1945, that he had talked with Mrs. O'Brien and she was satisfied that he should sell the property but that she would like O'Brien to continue his plumbing business; that the plaintiff agreed to let a loft to O'Brien for $50 a month or to allow him to remain rent free for thirty days; and that O'Brien then telephoned to Mr. Norton and told him that Mrs. O'Brien had said it was all right to sell the property but to try and keep O'Brien's business going, and that he was sending the plaintiff, who had a check for $300, to Mr. Norton's office "to get the agreements drawn." The plaintiff could not prove the agency of O'Brien by these declarations made

out of court and not in the presence of Mrs. O'Brien. *Baldwin* v. *Connecticut Mutual Life Ins. Co.* 182 Mass. 389. *Rolfe* v. *Tufts*, 216 Mass. 563, 566. *Blaisdell* v. *Hersum & Co. Inc.* 233 Mass. 91. *Dubois* v. *Powdrell*, 271 Mass. 394. *Friend Lumber Co. Inc.* v. *Armstrong Building Finish Co.* 276 Mass. 361, 367. *Hennessey* v. *Cities Service Refining Co.* 282 Mass. 487. If the agency was established by other evidence, these declarations would be competent. But the defendants testified that no agency existed, and we are unable to find anything in the record that will support the plaintiff's contention that O'Brien was acting as agent of his wife or that she ratified what he did. The evidence, therefore, should have been excluded, and upon the exclusion of this evidence the plaintiff's case falls as to Mrs. O'Brien. *Dickinson* v. *Conway*, 12 Allen, 487. *Matthews* v. *Fuller*, 123 Mass. 446, 459. *Schwartz* v. *American Surety Co.* 231 Mass. 490. *Eastern 'Advertising Co.* v. *Standard Nut Co. Inc.* 264 Mass. 238. *Kidder* v. *Greenman*, 283 Mass. 601, 614–617. *Union Old Lowell National Bank* v. *Paine*, 318 Mass. 313, 328.

Although the evidence would warrant a finding that Mr. Norton had authority to represent O'Brien, he did not sign the memorandum in behalf of O'Brien and it cannot now be reformed by adding O'Brien's name or that of his agent or attorney to it. *Freeman* v. *Fishman*, 245 Mass. 222. *Mansfield* v. *Lang*, 293 Mass. 386, 398–399.

The plaintiff appealed from the final decree in order to preserve his rights as to Mr. Norton, in whose favor the bill was dismissed, in the event that specific performance was denied. The suit was heard on the theory that he was authorized to act for Mrs. O'Brien, and the question of his personal liability for purporting to act with her authority was not in issue. We make no intimation as to the liability of the attorney but leave the plaintiff to take such action as he may be advised. *Malinoski* v. *D. S. McGrath, Inc.* 283 Mass. 1, 11. *Westfield Savings Bank* v. *Leahey*, 291 Mass. 473. *Fichera* v. *Lawrence*, 312 Mass. 287, 290.

The final decree is reversed and a decree is to be entered dismissing the bill with a single bill of costs to the defend-

ants and without prejudice to any right of the plaintiff to bring an action at law for damages against the defendant Mr. Norton.

*So ordered.*