This is an action of contract to recover for labor and materials which were furnished on a house owned jointly by the defendant wife and her now deceased husband. The trial judge found for the defendant wife. The plaintiff claims to be aggrieved by the action of the judge relative to requests for rulings. In view of the conclusion to which we have come the only questions which need be considered are as to whether the judge was correct in granting the defendant’s 5th and 7th requests for rulings which read as follows: “(5) The plaintiff having extended credit to Rangvald M. Abelson (the defendant’s husband) at the time of furnishing the labor and materials had no right subsequently to revise his bill and charge the same to the defendant (the wife). (7) The plaintiff as the contracting party must look to the one to whom credit was extended.”
Two questions are involved for our consideration: first, was there evidence of implied agency granted by the wife to *204 the husband and second, if there was evidence which would justify such a finding, did the plaintiff make an irrevocable election to hold the husband only, liable on the contract. We consider these two questions separately.
(1) We are of the opinion that the defendant wife could be found liable on the ground implied agency of the husband.
The report states that the evidence tended to show that the husband and wife were “joint tenants” of the realty in question and the special findings of the trial judge speak of “the joint ownership” of the two parties.
The evidence tended to show that the husband “with the knowledge of his wife engaged the plaintiff to do certain work,” material and labor being charged to the husband and two payments on account of the bill were later made by the husband. The plaintiff looked to the husband for payment. The special findings state “The defendant was present all or most of the time the work was going on and saw the men working on the property and made no protest.” At this point the husband lost his life at sea, thereby making the wife the sole owner of the property. The defendant and her husband had occupied the premises and after his death she continued to occupy the second floor and to rent the first floor apartment.
In Gordon v. O’Brien, 320 Mass. 739, 741, it is stated (omitting names of cited cases) “A husband may of course act as agent for his wife in the management and disposition of her property. But where as here, the agency is disputed, proof of the marital relation alone is not sufficient to establish that he was her agent in negotiating the sale of her land. The fact, however, need not be established by direct evidence that she appointed him her agent to transact the business in question or that she admitted the agency, because it is enough to show that he was acting in her behalf *205 and for her benefit with her consent or knowledge, or that upon hearing of his conduct she adopted and ratified it. In this respect the marital relation became an important factor in determining whether she acquiesced in what he was doing with reference to her property. If she permitted him to act as her agent, then silence will not shield her from liability to those who dealt with him on a matter which she allowed him to transact for her. The existence of an agency between husband and wife rests upon various circumstances and usually presents a question of fact.”
In the instant case we are of the opinion that it could have been found as a fact that there was an implied agency in contracting for the labor and materials to her knowledge and for her benefit upon property in which she had an interest of ownership. The special findings of the trial judge state that “there was no evidence of agency between the wife and her husband.” That statement is correct so far as an express agency is concerned, but as is shown by the quoted portion in Gordon v. O’Brien, supra, such an agency could be inferred as a matter of fact.
(2) The plaintiff did not make a binding election to hold only the husband as being liable on the contract. An election consists of an irrevocable selection of one of two inconsistent remedies.
Here the husband made an oral contract upon which he was personally liable. The plaintiff intended to look to him for payment, charged the amount against him on his books and sent him bills for the work. The husband made two payments on account. The special findings of the trial judge contains the following paragraph: “The question is as to whether, by reason of the joint ownership of the property, the parties being husband and wife and the labor and material having been charged to the husband, credit given to him and payments having been made by him, the plaintiff" *206 can now collect the bill from the defendant (the wife). On all the evidence I find that having extended the credit to the husband the plaintiff cannot now change his mind and effect a liability against the defendant.” But this statement of detailed facts is not the whole story. As above set forth there was evidence which would justify an implied agency in behalf of the defendant. After the death of the husband the plaintiff saw the wife and said to her that he “would now have to look to her for the bill as he could not get it from her husband he would have to get it from her.” The plaintiff had not brought any action at law against the husband. The report also states that there was no evidence that before the work was completed either “the defendant or her deceased husband ever disclosed to the plaintiff that the property was owned jointly by them.”
When the facts were finally fully developed in view of the implied agency relative to the property in which the defendant had an interest of ownership, but previously unknown to the plaintiff a finding against the defendant as an undisclosed principal would be justified for the improvement made to the property in which she had an interest.
(3) There was prejudicial error in granting the defendant’s 5th and 7th requests for rulings of law, entitling the plaintiff to a new trial. So ordered.