*Southern Division*
## JOHN M. WILFERT, JR.
### v.
## LOUIS I. MEDOFF

*Callan, J.* By this action of contract the plaintiffs seek to recover for certain interior finish allegedly sold and delivered to the defendants. The answer is a general denial and payment.

Evidence was produced at the trial tending to show that the defendants, being husband and wife, lived in the premises known as No. 90 Addington Road, Brookline, title to which premises stood in the name of the defendant, Rose G. Medoff. The defendants after deciding to make alterations of the dwelling to accomodate two families had plans and specifications prepared and engaged the partnership concern of one Smith & Brown to do the work. A written contract was ultimately entered into between the male defendant and the partnership and the work was to be done in accordance with plans and specifications, but not under architectural supervision, and with payments to be made at certain stages as the work progressed.

After a while, the partnership being financially unable to go forward with the work, a new arrangement was made whereby Smith & Brown were to continue, not as general contractors but on an hourly basis. Smith was on the job very little but Brown and his workmen were paid for the time they put in. The male defendant paid at the end of each week for all materials as they were used by Brown and his men until the work was completed. The plans and specifications were not followed explicitly, there being some instances of material changes.

The plaintiffs, a partnership, had never done work before for either the defendants or the Smith and Brown concern. As a result of a telephone call from Brown, the plaintiff, David P. Wilfert, went to the premises in question and went over the blue prints and made the necessary measurements for the mill work to be used on the job. He submitted to Brown an estimate which was accepted. He believed Smith and Brown were the general contractors. The defendants and Brown were present when the first delivery was made. The male defendant told the plaintiff, Wilfert, that he was personally taking care of the payment of the bills and asked Wilfert how much he owed him for the delivery. Wilfert said he would send him a bill when the work was completed. Later the male defendant told Wilfert he was glad to get the material delivered, wanted a bill to date and repeated that he was paying for the material.

When all the material was delivered the male defendant refused to pay for it on the grounds that it was a bill Smith and Brown should have paid for. The plaintiff, Wilfert, on cross examination said he never expected payment from Mrs. Medoff, defendant. The money necessary to pay for the alterations and materials was obtained on  a mortgage loan on which checks were payable to Mrs. Medoff, who as the work progressed endorsed them and gave them to her husband to be used in the payment of the bills for alterations.  There was no question about the quality or price of the material.

The plaintiffs filed the following requests for rulings:

1. Two or more persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to recovery in respect of or arising out of the same matters, transactions or occurrences. Judgment may be given against one or more of the defendants according to their respective liabilities and the court may issue one or more executions.

*General Laws, Ter. Ed. Ch. 231, Sec. 4-A.*

2. That where a husband and wife live together in a house owned by the wife and the husband with her knowledge and approval makes a contract in his own name for the purchase of materials to be installed in such house, the seller of the materials is entitled to recover from the wife upon proving that the materials were delivered and that she had knowledge of such delivery.

3. That where a defendant introduces no evidence, a seller of materials is entitled to recover against the defendant upon proof that he sold and delivered materials in performance of a contract made with the agent of the defendant, that the materials were delivered and installed in premises owned by the defendant and that the defendant had knowledge of such sale, delivery and installation.

4. That where plaintiffs have brought action against a husband and wife in a joint action, recovery may be had by the plaintiffs against the wife where there is credible evidence by the plaintiffs that the wife helped select and measure the materials delivered by the plaintiffs and that subsequent to the performance of the contract by the plaintiffs, they have ascertained that the wife owned the property in which the materials sold and delivered by the plaintiffs were installed.

5. That evidence of a contract made by a defendant's agent with a third party for the purchase of materials will not preclude a plaintiff from recovery on another subsequent contract made with the same agent for the sale of similar materials.

6. That evidence by a defendant or her agent of a contract which included the proposed purchase of materials from a third party will not preclude a plaintiff from recovery on a subsequent contract made with the same agent for the purchase of similar materials, where the plaintiff has shown that the contract made by the defendant or her agent with such third party has been substantially modified and where the plaintiff showed that he had no prior knowledge of such contract.

7. That a plaintiff has established a prima facie case and is entitled to recover against a defendant when he establishes by credible evidence that he delivered materials in

performance of a contract made with the husband of the
defendant, that the defendant had knowledge of such con-
tract and that the materials were installed in a dwelling
owned by the defendant.

Requests No. 1 and 2 were allowed so far as applicable to the facts found by the judge. Requests No. 3 to 7 inclusive were not allowed as not applicable to the facts found. The court found for the plaintiffs against Louis I. Medoff alone in the sum of $1,130.00, with interest.

The plaintiffs claiming to be aggrieved by the disposition of their requests and by the finding against Mr. Medoff instead of against Mrs. Medoff, claim a report to the Appelate Division.

The question for decision is whether the contractors Smith and Brown, Mr. Medoff alone as principal, both defendants as principals, or Mrs. Medoff alone as principal on whose behalf Mr. Medoff was acting as agent, should pay for the bill.

The plaintiffs contend that the findings should have been against Mrs. Medoff instead of Mr. Medoff and that no election has been made by the plaintiffs so long as the existence of agency is denied by the defendants. The plaintiffs further contend that when agency is admitted or judicially determined by a final judgment, then, but not before, need the plaintiffs elect one or two alternative remedies. The plaintiffs further contend that as a matter of law on the evidence it should be found that Mr. Medoff was his wife's general agent. There is no evidence that plaintiffs knew when the agreement was made that Mrs. Medoff was the principal in the transaction. This did not preclude them from later seeking recovery from Mrs. Medoff if they could prove that she was the principal in the transaction. Raymond v. Crown and Eagle Mills, 2 Met. 319, 324; Byington v. Simpson, 134 Mass. 169.

The performance of services and furnishing of material upon the separate property of a married woman with knowledge is evidence of an employ-

ment by her from which an obligation to pay may be inferred, Reid v. Miller, 205 Mass. 80. But to justify a recovery against her it must appear that a contract express or implied was made with her. Mass. General Hospital v. Fairbanks, 129 Mass. 78; O'Connor v. Hurley, 147 Mass. 145.

The general rule that there is no room for an implied contract where an express contract exists does not apply in the case of a contract made by an agent for an undisclosed prrincipal. Maynard v. Fabyan 267 Mass. 312.

It is true that one dealing with an agent of an undisclosed principal cannot hold the principal if after full knowledge of the principal's liability he elects to rely upon the agent. But his failure to give up the claim upon the agent before the facts are fully known does not bar his recovery from the principal. Dyer v. Swift, 154 Mass. 159; Gardner v. Bean, 124 Mass. 347; Reid v. Miller, 205 Mass. 80, 85.

Although it is settled that a husband or wife may be an agent for the other spouse (Duggan v. Wright, 157 Mass. 228, 232; Smith v. Smith, 313 Mass. 687, 693.), the burden of proof was on the plaintiffs to show that Mr. Medoff made the agreement with them for his wife as principal. Gordon v. O'Brien, 320 Mass. 739. Proof of marital relation alone is not sufficient to establish that he was her agent. (Butler v. Price, 115 Mass. 578;Barker v. McKay, 175 Mass. 485; Harvey v. Squire, 217 Mass. 411; Hannon, v. Schwartz, 304 Mass. 468; Gordon v. O'Brien; 320 Mass. 739). As was said in this case, "the fact, however, need not be established by direct evidence that she appointed him her agent to transact the business in question, or that she admitted the agency, because it is enough to show that he was acting in her behalf and for her benefit, with her consent, and knowledge or that upon learning of his conduct she adopted and ratified it. In this respect the marital relation becomes an important factor in determining whether she knew and acquised in what

he was doing with reference to her property. If she permitted him to act as her agent, then silence will not shield her from liability to those who dealt with him on a matter which she allowed him to transact for her. The existence of an agency between husband and wife frequently rests upon various circumstances and usually presents a question of fact."

The Judge, however, made a special finding of facts and found that credit was extended to the defendant, Mr. Medoff alone, as principal, and not as agent for his wife. On the evidence we cannot say that the judge was clearly wrong. The plaintiff, David P. Wilfert, testified that he never looked to Mrs. Medoff for payment and he never made any contract with her to pay. There was also evidence that Mr. Medoff was personally taking care of the payment of the bills. On at least two occasions Mr. Medoff requested a bill for the materials furnished and said that he was paying for the materials. There was evidence which warranted the judge's findings.

The plaintiff's requests become immaterial in view of the judge's findings of fact. Conde Nast Press, Inc. v. Cornhill Publishing Co., 255 Mass. 480, 485.

As there is no prejudicial error an order is to be entered dismissing the report.