*Northern District*

A.D. No. 5557

**NEWTON JUNIORS, INC.**

**v.**

**A. ALLEN DANYS**

(January 31, 1962)

*Present:* Brooks, P. J., Eno & Kelleher, JJ.

Case tried to *Mayberry, J.,* in the District Court of Newton. No. 5577 of 1961.

*Eno, J.* This is an action of contract by which the plaintiff seeks to recover for children's clothes and two toys alleged to have been sold and delivered between March 30, 1959 and April 5, 1960, a list of which is annexed to the report.

The defendant pleaded a general denial

and payment. *At the trial there was evidence to show that* the wife of the defendant had been buying from the plaintiff, on the defendant's credit, children's clothes of the type declared on, for the past ten years; that these clothes were bought for their two minor children, one of whom is now deceased, and the other is a boy of twelve; that in addition to buying such items for their own children, the defendant's wife would occasionally buy an article as a gift for some other child; that from the time of the marriage to February 1960, the defendant and his wife were living together; that, because of marital difficulties, *the defendant's wife left the defendant in February* 1960; that substantial amounts of children's clothes were bought during the ten year period; that when the defendant got a bill from the plaintiff he would pay it, or give his wife the money to pay it; that the defendant's wife, during the period she lived with the defendant, had no means of her own and was entirely dependent on the defendant for support; that the articles declared on were needed for their minor child, except for the dresses, which she bought as gifts for a godchild of theirs; that the defendant's wife bought all the articles declared on, except the pair of sneakers and pair of shoes listed as purchased on April 5, 1960; that the buying of the clothes for the children of the defendant and his wife, as also the gifts, was with the defendant's knowledge and consent; that the defendant had always paid for everything

his wife had bought from the plaintiff, except the last bill, being for the articles declared on; that when asked why he didn't pay this last bill, he said that his lawyer said he, the lawyer, would take care of it; that the defendant has always taken good care of his wife and children and spent a great deal of money on his children's clothes, much of which were bought in other stores than that of the plaintiff; *and that there is pending in the Probate Court separate support proceedings between the defendant and his wife.*

At the close of the trial the plaintiff made the following requests for rulings:

"1. The evidence warrants a finding for the plaintiff.

2. Upon all the evidence, the plaintiff is entitled to recover.

3. If a husband and wife are living together and the wife is in the habit of buying goods and pledging credit for them and he has been in the habit of paying the price of such goods, it may be inferred that he authorizes the continued purchase of goods of that character.

4. If a husband and wife are living together and the wife is in the habit of buying goods and pledging credit for them and he has been in the habit of paying the price of such goods, an agency in behalf of the husband to continue to buy such goods may be presumed.

5. The articles purchased were necessaries for which the defendant is liable."

The Court allowed the first request and denied all the others.

The defendant also made the following requests for rulings which were all allowed by the Court:

"1. That there is sufficient evidence to warrant a finding that the plaintiff corporation never sold and delivered to the defendant the items enumerated in the plaintiff's declaration.

2. That there is sufficient evidence to warrant a finding that the defendant never authorized anyone to make the purchases enumerated in the plaintiff's declaration.

3. That there is sufficient evidence to warrant a finding that the plaintiff corporation and the defendant never entered into any contract, either express or implied.

4. That the acts of the person alleged to have had dealings with the plaintiff corporation is not evidence of the authority of that person to bind the defendant in this action.

5. The burden is on the plaintiff to establish the refusal or neglect to provide and if proof falls short of this prima facie requirement, the plaintiff cannot recover.

6. If the trier of fact finds that some, but not all, of the items purchased were necessaries the defendant would be liable pro tanto.

7. That the plaintiff must show facts to create the defendant's liability; if the plaintiff sold the wife more or other goods that her necessaries require, the plaintiff cannot recover of the defendant for those.

8. That in order for the plaintiff to recover,

the plaintiff must show that either the defendant refused or neglected to provide for his wife with whom he was living, or that the necessaries furnished were with the defendant's knowledge and consent.

9. That the plaintiff has not maintained a prima facie case.

10. That there is sufficient evidence to warrant a finding for the defendant."

The Court made the following "Finding of Fact".

"The defendant was the father of two children, one of whom is now deceased, and I find as a fact that at no time did the defendant refuse to provide any necessaries for either child at any time. I further find that he and his wife had started proceedings for separate support which at no time up to the present have ever been withdrawn."

and found for the defendant.

The report states that it contains all the evidence material to the question reported.

The plaintiff claims to be aggrieved by the denial of its requests numbered 2, 3, 4 and 5, and by the allowance of all of the defendant's requests.

It is difficult to reconcile the allowance of the plaintiff's first request for rulings with the allowance of the defendant's ninth request.

If there was evidence warranting a finding for the plaintiff, it could not be ruled at the same time that the plaintiff had failed to maintain a prima facie case.

The reason given by the trial judge was "that at no time did the defendant refuse to provide any necessaries for" the defendant's children.

██ We hold that this is not the only test. It is true that a mere relation of husband and wife does not create an agency of one for the other *Hannon v. Schwartz,* 304 Mass. 468; but it is also true that one may be an agent of the other, *Corbuzzi v. Parks,* 315 Mass. 199.

██ The defendant concedes that the husband would be liable if he had failed to furnish necessaries of life for his wife and children.

██ But there are other occasions when a husband would be liable to a storekeeper for goods purchased by the wife: (1) when she had express or implied authority to make such purchases, or (2) when the husband has ratified his wife's making them.

██ In the present case it could be found that the wife had implied authority to make the purchases. For ten years she had purchased goods from the plaintiff, and the defendant husband paid the bills without question. He did not pay this last one because of the pendency of probate proceedings and because his lawyer told him "he would take care of it". But no notice was ever given the plaintiff to stop giving credit to the wife.

In the case of *Rice v. James,* 193 Mass. 458, at page 464, the Court said:

"If people were allowed to deal with an agent in such a way, and the principal recognized these dealings as valid, and gave no notice of any changes in the conditions, he might be bound by subsequent transactions of a similar kind, even though they were unauthorized or expressly forbidden".

We think that the plaintiff's third and fourth requests are correct statements of the law in such cases. We also agree with the statement of plaintiff's counsel in his brief, page 3, that

"Under the doctrine of agency, and irrespective of whether any item was or was not a necessary, the defendant was liable. By his conduct his wife had implied authority from him to buy merchandise from the plaintiff and charge it to him. She was his agent for this purpose, like any other case where one holds out a person as having authority to buy things and charge it to him."

This statement is in accord with that of Williston on Contracts, (3d Ed.) §270a, page 149:

"Where a husband and wife are living together and the wife is in the habit of buying goods including luxuries and pledging her husband's credit for them and he has been in the habit of paying the price of such goods, it may fairly be inferred that he authorizes the continued purchase of goods of that character."

In a much stronger case than the instant one, a wife who had gone through an invalid

marriage ceremony with a man with whom she lived as a married couple, bought a fur coat and other articles in his name as her husband, the Court held that the evidence entitled the plaintiff to go to the jury on the ground of implied agency and of ratification.

It is not necessary to consider the other grounds for this appeal because we find that there was prejudicial error in the denial of the plaintiff's requests 3 and 4.

The finding for the defendant is to be vacated and a new finding is to be entered for the plaintiff in the sum of $97.32 with interest from the date of the writ.

Abraham I. Fine of Boston, for the Plaintiff.
Herbert Jacobs of Needham, for the Defendant.