Tierney, J.
This is a civil action by the Commonwealth of Massachusetts, Division of Employment Security (plaintiff) pursuant to M.G.L.c. 151 A, §15. *190 Plaintiffs complaint alleged that the Boston Foundation, Inc. (defendant) owes contributions in the amount of $112,692.96.
Defendant’s answer denied every allegation of the complaint, and by way of affirmative defense disputed the application of G.L.c. 151A to defendant. Defendant maintained that as a wholly-owned instrumentality of the City of Boston, it was not an employer subject to G.L.c. 151A and that it was, therefore, not liable for the said contributions and interest.
The sole question for review is the propriety of the trial court’s allowance of the plaintiff s motion for summaryjudgment pursuant to Massachusetts Rules of Civil Procedure, Rule 56.
The report, pleadings, and exhibits upon which the summaryjudgment was based reveal the following:
The defendant, Boston Foundation, Inc., filed with the plaintiff a document entitled. Non-Profit Organization, Employer’s Status Report, dated June 7,1973 (Requests for Admissions, Exhibit “A”).
That document was utilized by the plaintiff to determine the defendant’s status as an employer subject to the Employment Security law as required by M.G.L.c. 151 A, §12. The plaintiff, by letter dated June 12,1973, notified the defendant that it was determined to be subject to the Employment Security Law as of January 1, 1972 (Request for Admissions, Exhibit V). The plaintiff by letter dated August 8, 1973 notified the defendant that an employer number had been assigned to the defendant to be used in all contacts with the plaintiffs (Request for Admissions, Exhibit “W”). In accordance with the provisions of Mass. G.L.c. 151A, §§ 13 and 14, the defendant filed with the plaintiff Employer’s Quarterly Contribution Reports for the years 1972 through 1976 without remittances (Request for Admissions, Exhibits “B” through “U”).
The defendant did not appeal the determination of subjectivity pursuant to M.G.L.c. 151 A, §12 which provides for a comprehensive appeals procedure. An examination of the record indicates that the plaintiff did all that was required of it under the provisions of M.G.L.c. 151 A, §12 in determining the defendant subject to the Employment Security Law. The defendant was notified by letter of the plaintiff of the determination of its subjectivity and that it had appeal rights from the determination. The defendant did not appeal.
Where a party fails to avail itself of its administrative remedies, as happened here, the statute is quite specific .... “A determination by the director where no hearing has been held, a finding after a hearing, or a decision of the board of review shall, except in matters arising under sections thirty-nine to forty-three, inclusive, be conclusive for all purposes of this chapter, and, together with the record thereof, shall be admissible in any subsequent proceedings involving liability for contributions.”
The Supreme Judicial Court of this Commonwealth has recognized the appeal procedure provided by § 12 as the means to be used to adjudicate controversies of an employer’s subjectivity to the Employment Security Law, see Fort Pond Inn Co. v. Director of the Division of Employment Security, 324 Mass. 281, 283, (1949); Maniscalco v. Director of the Division of Employment Security, 327 Mass. 211, 212 (1951); DeCordova & Dana Museum & Park v. Director of the Division of Employment Security, 370 Mass. 175, 176 (1976).
Thus the determination of the plaintiff, issued on June 12, 1973 without an appeal taken was conclusive on the issue of the defendant’s subjectivity, since the defendant did not exhaust his applicable administrative remedies.
On March 26, 1982, the trial judge allowed plaintiffs Motion for Summary Judgment and judgment was entered in the amount of $112,692.91 with costs.
*191 The defendant failed to file counter-affidavits to the plaintiffs motion for summary judgment. Summary judgment in accordance with Mass. R.Civ. P., Rule 56 can only be granted if there is no genuine issue as to any material fact. It is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts, or if only a question of law is involved.” Community National Bank v. Dawes, 369 Mass. 550 (1976); Pamesis v. Loyal Protective Life Ins. Co., 5 Mass. App. Dec. 66 (1977).
We believe the Trial Court judge was correct in allowing the plaintiffs motion for summary judgment. The defendant rested on allegations in the pleadings of a general denial and an affirmative defense which disputed the applicability of M.G.L.c. 151 A, §12. Once the motion for summary judgment is made and supported by proper affidavits or other material, as in this case, the opposing party may not simply rest on his pleadings, or general denials; he must set forth specific facts showing that there is a triable issue. There is no error. The action of the trial judge is affirmed and the report is hereby dismissed.