The defendants Shu Ying Chan, May Lin Chan, Shu Hung Chan, and Man Ying Chan appeal[3] from a summary judgment entered in favor of the plaintiff after cross motions for summary judgment. We affirm.
Background. We set forth the basic undisputed material facts, as recited in the motion judge's memorandum of decision.
The defendants are siblings and own real estate at 18 Winchester Street, Boston, as joint tenants. In 2013, they communicated with each other about selling the property to the plaintiff, Thirty 2 Rutland Street, LLC. The defendants each granted authority to Shu Ying[4] to sign their names on "Offers to Purchase Real Estate" (OTPs) for the property. The grants of authority were made at a meeting where each sibling was present. They were not memorialized in writing.
In July, 2013, the plaintiff executed an OTP to buy the property for $1,600,000 and tendered the document and the deposit to the defendants' real estate agent. That same day, Shu Ying signed the OTP as the seller. He signed only his own name, and did not indicate on the document if he signed only for himself or also as an agent for his siblings.[5] Subsequently, the defendants refused to execute a Standard Form Purchase and Sale Agreement or convey the property to the plaintiff in accordance with the OTP, and this litigation resulted.
The parties filed cross motions for summary judgment. A Superior Court judge granted the plaintiff's motion and denied the defendants' motion, and ordered specific performance of the OTP for the plaintiff. The judge denied the defendants' motion to reconsider, and a final judgment entered following a stipulated dismissal of the remaining claims in the complaint.[6] This appeal followed.
Standard of review. "The judgment sought [by a motion for summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and responses to requests for admission ... together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). We review the allowance of a motion for summary judgment de novo to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
Discussion. 1. Specific performance. The Statute of Frauds, G. L. c. 259, § 1, provides that agreements for the sale of land must be "in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized." As the motion judge noted in her thoughtful memorandum, there is no dispute that Shu Ying had the siblings' authority to sell the property. Rather, the defendants contend that parol evidence cannot be used to determine Shu Ying's intention to sign the OTP for both himself and his siblings. We disagree.
In Tzitzon Realty Co. v. Mustonen, 352 Mass. 648, 654 (1967), the Supreme Judicial Court considered whether a wife could be bound by the signature of her husband alone where she did not herself sign the memorandum of the sale of real estate. The Superior Court judge confirmed the report of a master who had found, after an evidentiary hearing, that the husband's signature was "with [the wife's] consent and acquiescence and that it was the intention and design of both that the [husband's] signature represent the signature of both." Ibid. Based on these facts-and despite their proof by parol evidence-the Supreme Judicial Court held that the husband's signature bound the wife to the memorandum in satisfaction of the Statute of Frauds. Ibid. Here, there is no dispute that Shu Ying had the authority and the intention to sell the property on behalf of his siblings when he signed the OTP. Thus, the Statute of Frauds is satisfied as to all of the defendants by parol evidence of his authorization. See Jacobson v. Perman, 238 Mass. 445, 447-448 (1921) (where agent, authorized by seller to make a sale of goods, signed memorandum of sale in agent's name alone, memorandum was sufficient under the statute and bound seller); Larson v. Jeffrey-Nichols Motor Co., 279 Mass. 362, 364-365 (1932) (employment contract signed by manager with authority of president of company can bind company and satisfy statute).
The defendants' reliance on Freeman v. Fishman, 245 Mass. 222, 226-227 (1923) ; Exchange Realty Co. v. Bines, 302 Mass. 93 (1939) (overruled in part on other grounds by Nalbandian v. Hanson Restaurant & Lounge, Inc., 369 Mass. 150, 156-157 [1975] ); and Gordon v. O'Brien, 320 Mass. 739 (1947), is unpersuasive. In Freeman, 245 Mass. at 224-225, a father signed an agreement to sell real estate on behalf of his minor daughter before being appointed her guardian and being granted a license by the probate court to sell the property. This left performance by the daughter in her own volition (as her agreement and acts of her agent were voidable by her during minority), and thus, before the father was appointed guardian, the buyers had the right to back out of the deal. Id. at 227. In our view, the discussion in Freeman-a case decided over forty years before Tzitzon Realty Co., supra-of whether one buyer's signature (Fishman) bound another buyer (Peikes) where Fishman was authorized to sign on behalf of himself and Peikes is dictum. See Freeman, supra at 226-227. Next, Exchange Realty Co. is distinguishable because, there, the parties expressly agreed that the company and not a particular individual party would be the purchaser. 302 Mass. at 98-99. Finally, Gordon, supra, is also inapposite. In that case a lawyer signed his name on behalf of a client on a memorandum of sale of her property at the instruction of the client's husband, but there was a failure of proof that the client had given the lawyer authority to act for her in the matter. Gordon, 320 Mass. at 741-743. While the lawyer might have been authorized to sign the agreement on behalf of the client's husband, he did not so sign. Id. at 743.[7]
Judgment affirmed.

A fifth defendant, Mui Szeto Chan, did not pursue an appeal.

We refer to the siblings by first name for clarity.

In his affidavit, Shu Ying claimed to have signed only his own name "as a result of mistake or inadvertence."

The issue on appeal relates only to the claim for specific performance, and not to the dismissed claims.

In the exercise of our discretion, we decline to award the plaintiff the requested attorney's fees and double costs.